McArthur JONES, Claimant–Appellant,

and

Martin M. Karnas, Claimant–Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.

Nos. 94–7054, 94–7057.

United States Court of Appeals, Federal Circuit.

Nov. 29, 1994.

Brian Wolfman, Atty., Public Citizen Litigation Group, of Washington, DC, argued for claimant-appellant, Martin M. Karnas. With him on the brief were Alan M. Morrison, Ruth Eisenberg and Barton F. Stichman. Also on the brief was William G. Smith, Atty., of Los Angeles, CA.

Michael E. Robinson, Atty., U.S. Dept. of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Frank W. Hunger, Asst. Atty. Gen. and William Kanter. Of counsel was Paul J. Hutter, Atty., U.S. Dept. of Veterans Affairs, of Washington, DC.

Before NEWMAN, MAYER, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

■ McArthur Jones and Martin M. Karnas appeal from a decision of the United States Court of Veterans Appeals dismissing their consolidated motions for attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. *Jones v. Brown*, 6 Vet.App. 101 (1993). Because the Federal Courts Administration Act of 1992 (FCAA) authorized the Court of Veterans Appeals to award costs and fees under the EAJA in all cases and appeals pending on the date of its enactment, we vacate and remand.

## BACKGROUND

Section 506 of the FCAA, enacted on October 29, 1992, authorizes the United States Court of Veterans Appeals to award costs and fees under the EAJA. Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992). The FCAA was made applicable to any future appeal brought to the Court of Veterans Appeals as well as "any case pending" in the Court of Veterans Appeals and "any appeal ... pending" from that court in the Federal Circuit on the date of its enactment. *Id.* This appeal presents the question whether

the FCAA applies to a case or appeal pending on the date of the FCAA's enactment when the case or appeal only concerns an EAJA application for legal services performed in an action decided earlier on the merits, before the date of enactment.

In 1991, prior to the enactment of the FCAA, the Court of Veterans Appeals decided the merits of the underlying veteran benefits claims in separate appeals filed by Jones and Karnas. *Jones v. Derwinski,* 1 Vet.App. 210 (1991) (vacating and remanding to the Board of Veterans' Appeals); *Karnas v. Derwinski,* 1 Vet.App. 308 (1991) (reversing and remanding to the Board of Veterans' Appeals). Following these decisions, Jones and Karnas each filed applications under the EAJA for, respectively, a bill of costs under 28 U.S.C. § 2412(a) and (b), and an award of attorney fees and expenses under 28 U.S.C. § 2412(d).

At the time Jones and Karnas filed their EAJA applications, the relevant portions of § 2412, which allow parties in litigation with the United States to recover costs and fees in certain circumstances, provided:

### § 2412. Costs and fees

(a) Except as otherwise specifically provided by statute, a judgment for costs ... may be awarded to the prevailing party in any civil action brought by or against the United States ... in any court having jurisdiction of such action.

(b) ... a court may award reasonable fees and expenses of attorneys ... to the prevailing party in any civil action brought by or against the United States ... in any court having jurisdiction of such action.

\* \* \* \* \* \*

(d)(1)(A) ... a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

\* \* \* \* \* \*

(d)(2)(F) "court" includes the United States [Court of Federal Claims];

28 U.S.C. § 2412 (1988).[1] *See generally Gavette v. Office of Personnel Management,* 808 F.2d 1456, 1459 (Fed.Cir.1986) (discussing the EAJA). Jones's and Karnas's applications were consolidated by the Court of Veterans Appeals. *See Jones v. Derwinski,* 2 Vet.App. 7 (1991) (order).

*En banc,* the Court of Veterans Appeals held that the EAJA did not apply to its proceedings because the statute did not contain an unambiguous waiver of sovereign immunity with respect to that court. *Jones v. Derwinski,* 2 Vet.App. 231 (1992). The court noted that, while Congress had specifically provided for the application of the EAJA to litigation in the Court of Federal Claims, the Tax Court, and the Social Security Administration, Congress had not done so with respect to the Court of Veterans Appeals. *Id.* at 233. Accordingly, the court dismissed Jones's bill of costs and denied Karnas's motion for attorney fees. *Id.* at 235. Karnas appealed to this court. Jones filed a motion for attorney fees under § 2412(b) and (d) with the Court of Veterans Appeals, which motion was stayed pending the outcome of Karnas's appeal.

During the pendency of Karnas's appeal, the FCAA was enacted, amending 28 U.S.C. § 2412(d)(2)(F) to include the Court of Veterans Appeals as one of the courts authorized to award costs and fees under the EAJA. Section 506 of the FCAA provides:

### SEC. 506. COSTS AND FEES IN THE UNITED STATES COURT OF VETERANS APPEALS.

(a) IN GENERAL.—Section 2412(d)(2)(F) of title 28, United States Code, is amended by inserting before the semicolon "and the United States Court of Veterans Appeals".

---

1. The EAJA was originally enacted in 1980 as a three-year experiment "to diminish the deterrent effect of seeking review of, or defending against, governmental action." Pub.L. No. 96–481, § 202(c)(1), 94 Stat. 2325 (1980). In 1985, Congress reenacted the EAJA in amended form and made it permanent. Pub.L. No. 99–80, 99 Stat. 183 (1985).

(b) APPLICATION TO PENDING CASES.—The amendment made by subsection (a) shall apply to *any case pending* before the United States Court of Veterans Appeals on [October 29, 1992], to any appeal filed in that court on or after such date, and to *any appeal* from that court that is *pending* on such date in the United States Court of Appeals for the Federal Circuit.

Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (emphasis supplied). The Senate Judiciary Committee, in its report concerning the FCAA on July 27, 1992, stated:

A March 13, 1992 decision of the United States Court of Veterans Appeals (court), in *Jones and Karnas v. Derwinski*, denied the right of plaintiffs to recover attorneys fees under the Equal Access to Justice Act (EAJA). This ruling has resulted in a substantial burden on veterans bringing cases to court, aggravating the situation in which a majority of cases are being brought pro se, thereby creating additional work for the court.

The objective of EAJA is to eliminate financial deterrents to individuals attempting to defend themselves against unjustified Government action. Veterans are exactly the type of individuals the statute was intended to help. Therefore, section 508 [enacted as section 506] amends EAJA to clarify that it applies to the Court of Veterans Appeals, overruling the *Jones and Karnas* decision.

The committee intends to make clear that EAJA applies to the court to the full extent of the law, including the principles contained in *Sullivan v. Hudson*, [490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941] (1989) (the EAJA must be read in light of its purpose to diminish the deterrent effect of seeking review of, or defending against, governmental action,) and *Center for Science in the Public Interest v. Regan* [, 802 F.2d 518 (D.C.Cir.1986) (case pending only on the question of fees at the time of a previous amendment to the EAJA was a "case pending" within the meaning of the statute) ].

S.Rep. No. 342, 102d Cong., 2d Sess. 39 (1992) (footnotes omitted); *see also* H.R.Rep. No. 102–1006, 102d Cong., 2d Sess. 25 (1992), U.S.Code Cong. & Admin.News 1992, 3921, 3934.

Both Karnas and the Secretary filed a joint motion with this court to vacate and remand Karnas's appeal, asserting that "both parties agree that the [FCAA amendment] effectively overrules the decision of the [Court of Veterans Appeals] in this case and warrants a remand to that court to determine whether [Karnas] is otherwise eligible for an award of attorney's fees and expenses under the EAJA, 28 U.S.C. § 2412(d)." [2] Accordingly, this court granted the motion and vacated the Court of Veterans Appeals decision. *Jones v. Principi*, 985 F.2d 582 (Fed. Cir.1992).

On remand, the Court of Veterans Appeals concluded that for purposes of the FCAA and the EAJA, the term "case pending" includes only "cases pending before the Court on the merits on or after October 29, 1992; it does not include cases in which the only matters pending before the Court are EAJA applications." *Jones*, 6 Vet.App. at 107. The court thus dismissed Jones's and Karnas's applications because their underlying actions were not pending on the merits on October 29, 1992. *Id.* Jones and Karnas now appeal.[3]

## DISCUSSION

In reviewing decisions of the Court of Veterans Appeals, this court is authorized to "decide all relevant questions of law [and to interpret] statutory provisions." 38 U.S.C. § 7292 (1988). We accord *de novo* consideration to such questions. *See Weddel v. Secretary of the Dep't of Health & Human Servs.*, 23 F.3d 388, 391 (Fed.Cir.1994). When interpreting a statute, we first examine its language. *Martel v. Department of Transp., Federal Aviation Admin.*, 735 F.2d 504, 507 n. 6 (Fed.Cir.), *cert. denied*, 469 U.S. 1018, 105 S.Ct. 432, 83 L.Ed.2d 358 (1984).

---

**2.** The Secretary's subsequent change in position has resulted in the present controversy.

**3.** On May 12, 1994, this court consolidated the two appeals.

Section 506(a) of the FCAA amended the EAJA to add the Court of Veterans Appeals to the definition of "courts" authorized to award EAJA costs and fees. FCAA § 506(a). Section 506(b) makes the amendment applicable to "*any case pending* before the United States Court of Veterans Appeals on [October 29, 1992], to any appeal filed in that court on or after such date, and to *any appeal* from that court that is *pending* on such date in the United States Court of Appeals for the Federal Circuit." *Id.* § 506(b) (emphasis supplied). It is uncontested that Jones's EAJA application was pending at the Court of Veterans Appeals on October 29, 1992 and that Karnas's EAJA application was pending in the Federal Circuit on that date. The dispute here thus turns on whether Jones's and Karnas's EAJA applications were respectively a "case" and "appeal" within the meaning of the FCAA.

Appellants argue that the language "any case pending" and "any appeal ... pending" plainly means *any* such case or appeal, even an EAJA application. Appellants further assert that the legislative history of the FCAA, if it need be resorted to, supports their position. Moreover, regardless whether the present case and appeal were pending within the meaning of the amended statute, appellants argue that the FCAA amendment was intended merely to clarify that the EAJA, as originally enacted, implicitly authorized the Court of Veterans Appeals to grant costs and fees. The Secretary takes issue with each of the appellants' assertions. We conclude that the plain language of the statute includes any case pending in the Court of Veterans Appeals and any appeal pending from that court in the Federal Circuit on October 29, 1992, even if the only matter pending is an EAJA application. Thus, we need not reach the question whether the Court of Veterans Appeals was authorized to award costs and fees under the EAJA prior to the enactment of the FCAA.

■ In determining the plain meaning of statutory language, "legislative purpose is expressed by the ordinary meaning of the words used." *Ardestani v. INS,* 502 U.S. 129, ——, 112 S.Ct. 515, 519, 116 L.Ed.2d 496

(1991). "Case" has been defined broadly as "[a] general term for an action, cause, suit, or controversy, at law or in equity." *Black's Law Dictionary* 215 (6th ed. 1990). "Appeal" means a "[r]esort to a superior (*i.e.* appellate) court to review the decision of an inferior (*i.e.* trial) court or administrative agency." *Id.* at 96. Jones's and Karnas's applications fit squarely within the definitions of "case" and "appeal." Furthermore, despite the contrary assertion of the Secretary, "any" generally means "every." *Webster's New World Dictionary* 62 (3d ed. 1988). *See United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1986) (The term "any" is an expansive one; "[i]t is difficult to imagine broader language."). We thus conclude that the phrases "any case pending" or "any appeal ... pending" are clear and mean exactly what they say: any case or appeal pending, including pending EAJA applications.

■ We recognize, as the Secretary argues, that waivers of sovereign immunity are strictly construed in favor of the United States. *Ardestani,* 502 U.S. at ——, 112 S.Ct. at 520 ("The EAJA renders the United States liable for attorney's fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity[, which] must be strictly construed in favor of the United States."); *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969) (waiver of sovereign immunity must be unequivocally expressed). However, Congress has waived sovereign immunity for costs and fees in all pending cases and appeals at the Court of Veterans Appeals and the Federal Circuit. Once Congress has waived sovereign immunity over certain subject matter, we cannot "assume the authority to narrow the waiver that Congress intended." *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979). Section 506 constitutes an unequivocal expression of the government's consent to be sued with respect to costs and fees in the Court of Veterans Appeals, including *any* cases or appeals pending as of October 29, 1992. If Congress had intended "case" or "appeal" to include only cases pending "on the merits of an

underlying action," it would have used language to that effect.

We reject the Secretary's position that the statutory text is ambiguous because the statute itself does not expressly define the words at issue. As we have previously noted:

> Congress is not required to define each and every word in a piece of legislation in order to express clearly its will. A phrase appearing in the context of a statute may be unambiguous where it "has a clearly accepted meaning in both legislative and judicial practice," even though it is not explicitly defined by the statutory text. Indeed, terms are defined in statutes often for the very reason that such terms would be ambiguous without a statutory definition.

*Gardner v. Brown,* 5 F.3d 1456, 1459 (Fed. Cir.1993) (citation omitted), *cert. granted,* —— U.S. ——, 114 S.Ct. 1396, 128 L.Ed.2d 69 (1994). As appellants point out, Congress need not enact a dictionary each time it passes a law. That the language at issue here is not expressly defined in the FCAA or EAJA does not render ambiguous the plain words used.

■ We also reject the Secretary's contention that a division of circuit court authority in interpreting the term "civil actions … pending" in the originally-enacted EAJA proves that the language of section 506(b) of the FCAA is ambiguous. When the EAJA was enacted in 1980, section 208 of the Act provided that the EAJA applies to "any civil action or adversary adjudication described in [28 U.S.C. § 2412], which is pending on, or commenced on or after [October 1, 1981]." [4] Pub.L. No. 96–481, § 208, 94 Stat. 2325, 2330 (1980). Cases construing the original EAJA were divided over the meaning of the phrase "civil actions … pending." *Compare Tongol v. Donovan,* 762 F.2d 727, 732 (9th Cir.1985) (case pending solely with respect to attorney fees is not "civil action pending" for purposes of the original EAJA) *with Knights of the Ku Klux Klan (KKK) v. East Baton Rouge Parish Sch. Bd.,* 679 F.2d 64, 68 (5th Cir.1982) (action for attorney fees was "pending" for

purposes of the original EAJA). *Cf. Commissioner v. Jean,* 496 U.S. 154, 162, 110 S.Ct. 2316, 2321, 110 L.Ed.2d 134 (1989) (court may award EAJA fees for preparing a fee application). Notably, the language at issue in those cases is not identical to the phrase at issue here, a fact which undercuts the Secretary's argument. Moreover, even if the text were the same or even coextensive to that at issue here, were we to accept the Secretary's position that differences in judicial interpretation of a statute proved the statute's ambiguity, we could never reverse a court on plain-language grounds and we would, in effect, be bound by any other court's construction. *See Moskal v. United States,* 498 U.S. 103, 108, 111 S.Ct. 461, 465, 112 L.Ed.2d 449 (1990) (rejecting argument that a division of judicial authority automatically triggers statutory ambiguity); *Patterson v. Shumate,* —— U.S. ——, —— – ——, 112 S.Ct. 2242, 2246–47, 119 L.Ed.2d 519 (1992) (Supreme Court rejected views of three courts on statutory construction based on plain language); *accord United States v. Rodriguez,* 961 F.2d 1089, 1094 n. 7 (3d Cir.1992); *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.,* 994 F.2d 105, 109 (2d Cir.1993); *United States v. Thomas,* 991 F.2d 206, 209 (5th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 607, 126 L.Ed.2d 572 (1993); *Damen & Jarvis Bldg. Corp. v. Mechanics' Ins. Co.,* 83 F.2d 793, 795 (7th Cir.), *cert. denied,* 299 U.S. 556, 57 S.Ct. 17, 81 L.Ed. 409 (1936). Our task is to decide questions of law as *we* see them. Acceptance of the Secretary's position would interfere with the exercise of our independent judgment and would seriously undermine our appellate function.

This is not the first time this court has decided whether an amendment to the EAJA that applies to "cases pending" includes pending fee applications. The issue of statutory interpretation resolved in *Gavette v. Office of Personnel Management,* 808 F.2d 1456 (Fed.Cir.1986), closely resembles the question presented here. In *Gavette,* this court, *in banc,* interpreted the term "cases

---

4. The term "civil actions" mirrors the language in 28 U.S.C. § 2412 referring to the underlying litigation.

pending" in a 1985 amendment to the EAJA, which provided that "the amendments ... shall apply to *cases pending* on or commenced on or after the date of the enactment of this Act." 808 F.2d at 1467; Pub.L. No. 99–80, § 7(a), 99 Stat. 183, 186 (1985).[5] In so doing, we explicitly rejected the government's argument that the term "cases pending" did not apply to pending fee applications, noting that "[t]he amendments ... provide for their applicability to *pending* cases without distinction, and the amendments apply to [appellant's] petition for fees." 808 F.2d at 1467 (emphasis in original) (footnote omitted); *accord Russell v. National Mediation Bd.,* 775 F.2d 1284, 1286 (5th Cir.1985) ("The phrase 'cases pending' makes no distinction between the fee application stage of a case and consideration of the merits. On its face, therefore, the statute applies to fee applications pending on the date of enactment."). We now similarly refuse to draw distinctions urged by the Secretary that find no basis in the statutory language itself.

The Court of Appeals for the District of Columbia Circuit analyzed the same issue as that in *Gavette* and reached the same conclusion, stating, with regard to the EAJA: "The statute before us is exclusively concerned with attorneys' fees and fee petitions; as a result, the plain meaning of 'cases pending' in specifying the effective date of the fee statute 'presumably would be commonly understood to include pending fee applications'." *Center for Science in the Public Interest v. Regan,* 802 F.2d 518, 521 (D.C.Cir.1986) (citation omitted) [hereinafter *CSPI* ].[6] We agree with the *CSPI* court that, in a statutory provision dealing specifically with fee proceedings, it would be illogical to assume that Congress did not intend the phrase "any case or appeal pending" to include pending fee proceedings. *See Jones,* 6 Vet.App. at 111–12 (Steinberg, J., dissenting) ("[I]t defies log-

ical and contextual analysis to infer that [506(b) ] deals with some other subject [than the jurisdiction to decide EAJA applications given in 506(a) ].").

■ Absent a clearly expressed legislative intention to the contrary, we regard the unambiguous language of the statute as conclusive. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980); *see also Burlington N. Ry. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1859, 95 L.Ed.2d 404 (1987) ("Unless exceptional circumstances dictate otherwise, when the terms of a statute are unambiguous, judicial inquiry is complete."); *Telectronics Pacing Sys., Inc. v. Ventritex, Inc.,* 982 F.2d 1520, 1524 (Fed.Cir.1992) ("While legislative history may aid our understanding of the function and purposes of [a] statute, and in cases of doubt assist in interpretation of the language, when the legislature has clearly spoken the law, the court's duty is to enforce it as written."). Because the FCAA is unambiguous, we need not examine its legislative history. We note, however, that Congress made exceptionally clear that by enacting the FCAA it intended to overrule the Court of Veterans Appeals' *Jones and Karnas* decision holding that the court had no authority to award costs and fees under the EAJA. This very case was pending before our court at the time Congress enacted the FCAA. It is inconceivable that Congress, while amending the statute because of these cases and making the amendment applicable to "any cases and appeals pending," intended to exclude the pending case and appeal that prompted it to act. We have considered the Secretary's other arguments and also find them unpersuasive.

## CONCLUSION

Because the FCAA is applicable to all cases or appeals, including EAJA applica-

---

5. The 1985 amendment provided that the "position" of the United States for EAJA purposes includes not only its litigation position but also "the action or failure to act by the agency upon which the civil action is based." Pub.L. No. 99–80, § 2(c)(2)(B), 99 Stat. 183, 185 (1985).

6. Decisions from other circuits are in accord with the *CSPI* and *Gavette* interpretations of the

term "cases pending" in the 1985 amendment to include pending fee applications. *See Center for Science in the Public Interest v. Regan,* 802 F.2d 518, 522 (D.C.Cir.1986) (listing cases). The *CSPI* decision is particularly significant in light of Congress's expressed intent that the EAJA's applicability follow the principles expressed in the *CSPI* case.

tions, pending on the date of its enactment, the Court of Veterans Appeals erred in dismissing appellants' motions. Accordingly, the decision of the Court of Veterans Appeals is vacated and the case is remanded for consideration of appellants' motions.

COSTS

Costs to Jones and Karnas.

*VACATED and REMANDED.*