52 F.3d 344
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James B. ASHFORD, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7068.
 United States Court of Appeals, Federal Circuit.
 April 7, 1995.
 
 ORDER
 James B. Ashford moves to summarily vacate the Court of Veterans Appeals' February 15, 1994 judgment and to remand for further proceedings. Ashford states that the Secretary does not oppose.
 The Court of Veterans Appeals dismissed Ashford's application for attorney fees and costs based upon its decision in Jones v. Brown, 6 Vet.App. 101 (1993). In that case, the veterans court concluded that the Federal Courts Administration Act of 1992, which allowed for an award of fees in cases that were pending "on the merits" on the date of the Act's enactment, did not authorize it to award fees if all that was "pending" on the date of enactment was an application for attorney fees and costs. This court reversed, concluding that the FCAA authorized the Court of Veterans Appeals to award costs and fees pursuant to the Equal Access to Justice Act in such circumstances. Jones v. Brown, 41 F.3d 634 (Fed.Cir.1994).
 
 
 1
 Because our decision in Jones eliminated the Court of Veterans Appeals' basis for dismissing Ashford's application for attorney fees, we agree with Ashford that it is appropriate to summarily vacate the Court of Veterans Appeals' judgment in this case and remand to the Court of Veterans Appeals for further proceedings.
 
 
 2
 Accordingly,
 
 IT IS ORDERED THAT:
 
 3
 (1) Ashford's unopposed motion to summarily vacate the Court of Veterans Appeals' February 15, 1994 judgment and to remand for further proceedings is granted.
 
 
 4
 (2) Each side shall bear its own costs.