**Kevin M. BOWERS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–2013.

United States Court of Veterans Appeals.

June 9, 1995.

**26**

Thomas A. Krause was on the pleadings for the appellant.

Mary Lou Keener, Gen. Counsel; Norman G. Cooper, Asst. Gen. Counsel; Adrienne Koerber, Deputy Asst. Gen. Counsel; and Michele Russell Katina, Washington, DC, were on the pleadings for the appellee.

Before NEBEKER, Chief Judge, and FARLEY and STEINBERG, Judges.

FARLEY, Judge:

On August 24, 1992, the Court granted the parties' joint motion for remand and vacated the underlying Board of Veterans' Appeals decision. On May 31, 1994, the appellant filed an application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On July 22, 1994, the Secretary filed a motion to dismiss for lack of jurisdiction. By an order dated September 8, 1994, the Court granted the appellant's motion for a stay of proceedings pending disposition in the United States Court of Appeals for the Federal Circuit of *Jones v. Brown,* Nos. 94–7054, 94–7057. Following the November 29, 1994, decision of the Federal Circuit in *Jones v. Brown,* 41 F.3d 634 (Fed.Cir.1994), the appellant filed a "Renewed Application for Attorneys Fees" and the Secretary filed a "renewed" motion to dismiss for lack of jurisdiction, which the appellant opposed.

## I.

The EAJA was made applicable to this Court by § 506(a) of the Federal Courts Administration Act, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) (found at 28 U.S.C. § 2412 note) [hereinafter FCAA § 506], which amended the definition of the term "court" as used in EAJA to include this Court. 28 U.S.C. § 2412(d)(2)(F). Subsection (b) of § 506, entitled "APPLICATION TO PENDING CASES," provided:

> The amendment made by subsection (a) shall apply to *any case pending* before the United States Court of Veterans Appeals on [October 29, 1992], to any appeal filed in that court on or after such date, and to *any appeal from that court that is pending* on such date in the United States Court of Appeals for the Federal Circuit.

(Emphasis added.) The jurisdictional issue presented is whether this appeal was pending before this Court on October 29, 1992.

## II.

■ "In determining the plain meaning of statutory language, 'legislative purpose is expressed by the ordinary meaning of the words used.'" *Jones,* 41 F.3d at 638 (quoting *Ardestani v. INS,* 502 U.S. 129, 136, 112 S.Ct. 515, 519, 116 L.Ed.2d 496 (1991)); *see also Brown v. Gardner,* — U.S. —, — – —, 115 S.Ct. 552, 554–56, 130 L.Ed.2d 462 (1994). Pending is defined as "[b]egun, but not yet completed; during; before the conclusion of; ... in process of settlement or adjustment.... Thus, an action or suit is 'pending' from its inception until the rendition of final judgment." BLACK'S LAW DICTIONARY 1134 (6th ed. 1990). The term "final judgment" is defined by EAJA as "a judgment that is final and not appealable;" the term also specifically includes an "order of settlement." 28 U.S.C. § 2412(d)(2)(G); *see also* 38 U.S.C. § 7291(a) ("A decision of the United States Court of Veterans Appeals shall become final upon the expiration of the time allowed for filing ... a notice of appeal from such decision, if no such notice is duly filed within such time.").

■ Rule 41(a) of the Court's Rules of Practice and Procedure (U.S. Vet.App.R.) provides generally that a mandate will issue 60 days after the date of entry of judgment, 60 days being the time, established by statute, within which appellate review in the Court of Appeals for the Federal Circuit may be sought of a decision of this Court. *See* 38 U.S.C. § 7292(a); FED.R.APP.P. 4(a)(1). However, U.S. Vet.App.R. 41(b) provides further that "An order on consent dismissing or remanding a case will also constitute the mandate." *See also* Federal Circuit Rule 41 ("An order dismissing a case on consent . . . shall constitute the mandate.") Rule 41(b) does not provide for a period to appeal an order granting a joint motion for remand because "a plaintiff who has voluntarily dismissed his complaint may not sue out a writ of error." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680, 78 S.Ct. 983, 985, 2 L.Ed.2d 1077 (1958); *see also St. Paul Fire & Marine Ins. Co. v. United States*, 959 F.2d 960, 962 (Fed.Cir.1992) (following this rule, although the court noted a limited exception which has no applicability here); *Dorse v. Armstrong World Indus., Inc.*, 798 F.2d 1372, 1375 (11th Cir.1986) ("Where the parties have agreed to entry of an order or judgment without any reservation relevant to the issue sought to be appealed, one party may not later seek to upset the judgment, unless lack of 'actual consent' or a failure of subject matter jurisdiction is alleged."); *Ryan v. Occidental Petroleum Corp.*, 577 F.2d 298, 302 (5th Cir.1978) ("[A] voluntary dismissal is not appealable by the plaintiff in the absence of some condition adverse to him.").

■ For these reasons, an order granting a joint motion for a remand, which pursuant to Rule 41(b) "also constitute[s] the mandate," is "final and not appealable." 28 U.S.C. § 2412(d)(2)(G). We conclude, therefore, that the appellant's appeal was terminated by the Court's "final and not appealable" order of August 24, 1992, and that it was not "pending" on October 29, 1992, the effective date of the FCAA.

### III.

The appellant relies on the Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, ——, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), which found a district court order of remand to be a "final judgment" but not a "formal judgment" because it had not been entered on a separate document as required by FED.R.APP.P. 4(a)(1) and FED.R.CIV.P. 58. The appellant argues that, because a "formal" judgment was not entered in his appeal, *Schaefer* requires us to hold that his appeal is still "pending" and that the 30–day period within which to file an EAJA application has never been triggered. Finding *Schaefer* inapposite, we disagree.

■ In *Schaefer*, the Supreme Court found the EAJA application timely because the "30–day time limit runs from the *end* of the period of appeal, not the *beginning*. Absent a formal judgment, the District Court's April 4 order remained 'appealable'. . . and thus the application was timely under § 2412(d)(1)." 509 U.S. at ——, 113 S.Ct. at 2632. However, *Schaefer* involved a contested, rather than a consensual, remand where the losing party was entitled to appeal the adverse decision and a formal judgment was required to mark the beginning of the appeal period. Unlike the situation presented in *Schaefer* and as noted above, this Court's August 24, 1992, order granting the consensual motion for a remand never was appealable, and thus could not have "remained 'appealable.'" *Ibid.* Entry of a formal judgment is not required when a case is remanded pursuant to a joint motion for remand because there is no reason to mark the beginning of the appellate period. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384, 98 S.Ct. 1117, 1120, 55 L.Ed.2d 357 (1978) ("The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal . . . begins to run."). Due to the consensual predicate, there is no applicable appeal period, and no "formal" judgment is required by any rule, statute, or practice applicable to this Court; the 30–day period to file an EAJA application, which, according to *Schaefer* "runs from the end of the period of appeal," commences to run the day following the entry of the order which "constitute[s] the mandate" under Rule 41(b).

## IV.

■ Finally, this Court has held that the EAJA did not apply to appeals before this Court prior to the enactment of the FCAA. *See Jones v. Brown,* 6 Vet.App. 101, 106 (1993), *vacated on other grounds,* 41 F.3d 634 (Fed.Cir.1994). We note, however, that even if the EAJA were to be construed to apply to proceedings in this Court prior to the enactment of the FCAA, jurisdiction would still be lacking because the appellant's EAJA application, which was filed some 20 months after the order/mandate was entered, was not filed within the requisite 30 days. *See* 28 U.S.C. § 2412(d)(1)(B); U.S. Vet.App.R. 39(a).

## V.

Accordingly, the September 8, 1994, stay of proceedings ordered by this Court is lifted, the Secretary's motion to dismiss is granted, and the appellant's EAJA application is DISMISSED for lack of jurisdiction.