Russell L. ONSTAD, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 90–753.

United States Court of Veterans Appeals.

June 24, 1996.

Floyd A. Pnewski, Blaine, MN, was on the pleadings, for appellant.

Mary Lou Keener, General Counsel; Norman G. Cooper, Assistant General Counsel; Thomas A. McLaughlin, Deputy Assistant General Counsel; and Joan E. Moriarty, Holyoke, MA, were on the pleadings, for appellee.

Before NEBEKER, C.J., and KRAMER and IVERS, JJ.

IVERS, Judge:

On May 29, 1991, the Court granted the parties' joint motion for remand and vacated the underlying Board of Veterans' Appeals decision. Pursuant to this Court's Rules of Practice and Procedure then in effect, judgment was entered on June 28, 1991. On March 25, 1992, a VA regional office decision granted the appellant his benefits. On August 20, 1992, the appellant submitted his application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Court filed the application on September 15, 1992. On January 26, 1994, the Court dismissed the EAJA application under *Jones v. Brown,* 6 Vet.App. 101 (1993), and granted the appellant's motion for voluntary dismissal of the appeal. Judgment was entered again on February 18, 1994. The appellant appealed to the Federal Circuit, and in April 1995, following its November 1994 decision in *Jones v. Brown,* 41 F.3d 634 (Fed.Cir.1994), *reversing* 6 Vet.App. 101 (1993), the Federal Circuit remanded the matter for further proceedings. *Onstad v. Brown,* No. 94–7067, 1995 WL 216935 (Fed. Cir. Apr.7, 1995) (order granting motion to summarily vacate Court's February 18, 1994, judgment). In response to an order of this Court, the appellant filed an amended EAJA application on April 26, 1995. The Secretary filed a motion to dismiss for lack of jurisdiction, which the appellant opposed.

I.

On October 29, 1992, Congress enacted section 506 of the Federal Courts Administration Act of 1992, Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992) [hereinafter FCAA § 506]. FCAA § 506(a) amended 28 U.S.C. § 2412(d)(2)(F) to make subsection (d) of 28 U.S.C. § 2412 applicable to this Court. FCAA § 506(b) limited such application "to any case pending before the United States Court of Veterans Appeals on the date of the enactment of this Act [October 29, 1992]" (found at 28 U.S.C. § 2412 note (Application of 1992 Amendment to Pending Cases)). The issues presented are whether this case was pending before this Court on October 29, 1992, and whether the appellant filed a timely EAJA application.

II.

"In determining the plain meaning of statutory language, 'legislative purpose is expressed by the ordinary meaning of the words used.'" *Jones,* 41 F.3d at 638 (quoting *Ardestani v. INS,* 502 U.S. 129, 136, 112 S.Ct. 515, 520, 116 L.Ed.2d 496 (1991)); see also *Brown v. Gardner,* —— U.S. ——, —— ——, 115 S.Ct. 552, 554–56, 130 L.Ed.2d 462 (1994). This Court has defined "pending" to mean in the "process of settlement or adjustment." *Bowers v. Brown,* 8 Vet.App. 25, 26 (1995) (quoting BLACK'S LAW DICTIONARY 1134 (6th ed. 1990)). Under EAJA, "final judgment" means "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G).

The Federal Circuit has held that the FCAA, which authorized this Court to award attorney fees and costs under EAJA in any "case" or "appeal" pending on the date of the enactment of the FCAA, does apply to pending EAJA applications for legal services performed on the merits of a case which was decided prior to the date of enactment of the FCAA. *Jones,* 41 F.3d at 640–41. The Federal Circuit reasoned that "If Congress had intended 'case' or 'appeal' to include only cases pending 'on the merits of an underlying action,' it would have used language to that effect." *Id.* at 638–39. Thus, this appellant's EAJA application was received by the Court

on August 20, 1992, and filed on September 15, 1992, and was, therefore, pending before this Court on October 29, 1992, when the FCAA was enacted and became effective. *Jones* and *Bowers,* both *supra.*

▇ The question thus becomes whether the EAJA application was timely filed. The timely submission of an EAJA application is a jurisdictional prerequisite to governmental liability for attorney fees. *Action on Smoking & Health v. CAB,* 724 F.2d 211, 225 (D.C.Cir.1984). The Court promulgated former Rule 36(b) on June 1, 1993, retroactive to October 29, 1992. Under this rule, the Court's practice was to retain jurisdiction for EAJA purposes and not enter "final judgment" until the filing of the postremand administrative decision. The former Rule 36(b) stated:

> **(b) Upon Remand**. When a matter is remanded in a case in which the appellant is represented, unless the opinion, decision, or order specifies otherwise, the Court retains jurisdiction for the limited purpose of entertaining an application for attorney fees and expenses under Rule 39. Within 14 days after the final postremand administrative decision in such a case, the Secretary shall file a copy of that decision with the Clerk. After receiving that decision, the Clerk shall enter final judgment, unless good cause is shown why such judgment should not be entered, and shall send copies to all parties.

U.S.Vet.App.R. 36(b), 4 Vet.App. CXXXIV (1993). Then, following the Supreme Court's decision in *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), this Court issued its opinion in *Stillwell v. Brown,* 6 Vet.App. 291 (1994). *Stillwell* decided that (1) *Schaefer* controls remands ordered by this Court and (2) the provisions of then Rule 36(b) were inconsistent with, and did not comply with, the formalities of *Schaefer. Id.* at 299–300. By order of March 11, 1994, this Court repealed Rule 36(b). The order also provided that in those cases in which jurisdiction had been retained for the limited purpose of entertaining EAJA applications, the Clerk was to enter an unqualified judgment and to provide notice to the appellants advising them that to be timely, EAJA applications must be filed within 30 days after the new judgments had become final. 6 Vet.App. XXV–XXVI (1994).

On January 26, 1994, the Court issued an order dismissing the appellant's EAJA application and granting his motion for voluntary dismissal of the appeal. A second, unqualified judgment was entered on February 18, 1994. Although jurisdiction was not specifically retained when the initial judgment was entered on June 28, 1991, entry of the second judgment conformed to the Court's pre-*Stillwell* practice of issuing a qualified judgment after a remand order, retaining limited jurisdiction for EAJA purposes, and then issuing a second judgment, once the results of the postremand administrative proceedings were known. *See Stillwell,* 6 Vet.App. at 298. As in the EAJA cases where the Clerk entered unqualified judgments pursuant to the Court's March 11, 1994, order, 6 Vet.App. XXV–XXVII, the appellant's thirty-day EAJA filing period would not start to run until the second judgment became final and unappealable. On April 6, 1995, the Federal Circuit vacated this Court's February 18, 1994, judgment, and issued its own mandate on April 7, 1995, remanding for further proceedings on the EAJA application. The appellant filed an amended motion for attorney fees on April 26, 1995. Pursuant to section 7291(b)(2)(A) of title 38, United States Code, the decision of the Court rendered today shall become final thirty days after the date of its issuance. Thus, because the appellant's August 20, 1992, EAJA application was "not untimely even though premature because the appeal period had not run," *Stillwell,* 6 Vet.App. at 299–300, the appellant's EAJA application will be deemed to be filed at the expiration of the thirty-day period. *Id.* at 300. Therefore, the Court holds that the appellant has submitted a timely EAJA application and that this Court has jurisdiction to entertain the matter. *Schaefer* and *Stillwell,* both *supra.*

## III. CONCLUSION

The appellant's application for attorney fees is timely. The Secretary's motion to dismiss is **DENIED.** Accordingly, the Secretary, within thirty days after the date of

this decision, shall file a response to the appellant's EAJA application. The matter is returned to the screening judge for further disposition.