**Russell L. ONSTAD, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 90–753.

United States Court of Veterans Appeals.

Nov. 14, 1996.

Before NEBEKER, Chief Judge, and KRAMER and IVERS, Judges.

### ORDER

PER CURIAM.

On July 15, 1996, the Secretary filed a timely motion for reconsideration of this Court's June 24, 1996, opinion. In the opinion the Court concluded that the appellant had filed a timely application for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), and denied the Secretary's motion to dismiss. *Onstad v. Brown*, 9 Vet.App. 189 (1996). Pursuant to the Federal Circuit's mandate in *Onstad v. Brown*, 52 F.3d 345 (1995), the appellant's EAJA application was a case pending on October 29, 1992, the date of enactment of section 506 of the Federal Courts Administration Act of 1992 (FCAA), which authorized this Court to award costs and fees under EAJA. *See* Pub.L. No. 102–572, § 506, 106 Stat. 4506, 4513 (1992); *Jones v. Brown*, 41 F.3d 634 (Fed.Cir.1994). This Court held that the appellant's EAJA application was timely, although it was not filed within thirty days of a 1991 order granting the parties' joint motion for remand, because entry of a second judgment in February 1994 conformed to the Court's practice at that time of issuing two judgments for EAJA purposes. *Onstad*, 9 Vet.App. at 191; *see Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993); *Stillwell v. Brown*, 6 Vet.App. 291 (1994), *dismissed on other grounds*, 46 F.3d 1111 (Fed.Cir.1995).

In the motion for reconsideration and full Court review, the Secretary cites *Bowers v. Brown*, 8 Vet.App. 25 (1995), for the proposition that even where, as here, a joint remand was granted prior to the change in the law brought about by *Shalala* and *Stillwell*, an EAJA application would be considered untimely if it was "not filed within the requisite 30 days." *Id.* at 28. While this language is correct under current precedent, it does not describe the Court's practice prior to the issuance of the *Stillwell* opinion on March 11, 1994. Moreover, because the *Bowers* holding rested on the Court's conclusion that EAJA did not apply to that case which was not pending on the date of enactment of the FCAA, the language regarding the timeliness issue is dictum.

On consideration of the foregoing, the pleadings of the parties, and the record on appeal, it is by the panel

ORDERED that the Secretary's motion for reconsideration is DENIED. It is further

ORDERED that the Secretary, within thirty days after the date of this order, shall file a response to the appellant's EAJA application.

KRAMER, Judge, concurring:

I write separately to address the application of former Rule 36(b) of this Court's Rules of Practice and Procedure to this case. Former Rule 36(b) was adopted on June 1, 1993, and applied to any appeal pending in the Court on or after October 29, 1992. Although in this case judgment had been entered on June 28, 1991, because the appellant's appeal was pending on October 29, 1992, by virtue of his EAJA application, *see Jones v. Brown*, 41 F.3d 634 (Fed.Cir.1994), *reversing* 6 Vet.App. 101 (1993), former Rule 36(b) was applicable. Under the Rule, remanded cases were given qualified judgments. Therefore, the June 28, 1991, final judgment, by operation of the Rule, became qualified. When *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) and then this Court's *Stillwell v. Brown*, 6 Vet.App. 291 (1994), *dismissed*, 46 F.3d 1111 (Fed.Cir.1995), were decided, throwing out the concept of qualified judgments, the Court by order of March 11, 1994; repealed former Rule 36(b); and provided that in those cases in which jurisdiction had

been retained for the limited purpose of entertaining EAJA applications, the Clerk was to enter an unqualified judgment; and provided notice to the appellants advising them that to be timely, EAJA applications must be filed within 30 days of entering the unqualified judgments. As that was not done in this case, the appellant's filing period would not begin to run until the Clerk enters an unqualified judgment, thus making the appellant's EAJA application timely. *See Stillwell,* 6 Vet.App. at 299–300.