# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 04-0452(E)

ROBERT J. KIDDEY, APPELLANT,

v.

JAMES B. PEAKE, M.D.
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided    June 16, 2008    )

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the pleading for the appellant.

*Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel,* Deputy Assistant General Counsel; and *Brian P. Tierney*, all of Washington, D.C., were on the pleading for the appellee.

Before GREENE, *Chief Judge*, and MOORMAN and LANCE, *Judges.*

MOORMAN, *Judge*:  Before the Court is Robert J. Kiddey's application for an award of attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). The Secretary argues that the application should be dismissed as untimely because it was filed more than 30 days after this Court's judgment became final.  In reply, the appellant argues that his application was not untimely.  For the reasons that follow, the EAJA application will be dismissed as untimely filed.

On October 23, 2006, this Court affirmed, in part, and reversed, in part, a December 17, 2003, Board of Veterans' Appeals (Board) decision. *See Kiddey v. Nicholson*, No. 04-452, 2006 WL 300131 (Vet. App. Oct. 23, 2006).  On November 16, 2006, this Court entered judgment.  Thereafter, the appellant appealed this Court's decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which granted, in a March 5, 2007, order, the appellant's motion to voluntarily dismiss his appeal. *Kiddey v. Nicholson*, 219 Fed. App'x. 984 (Fed. Cir. 2007).  The Federal Circuit's

docket in this case (No. 07-7101) reflects that the appellant's motion to voluntarily dismiss his appeal was unopposed by the Secretary. The dismissal order was also issued as the Federal Circuit's mandate on March 5, 2007. *See* FED. CIR. R. 41 ("An order dismissing a case on consent . . . will constitute the mandate."); *see also* FED. R. APP. P. 41(c) ("The mandate is effective when issued."). On March 21, 2007, this Court entered mandate on its docket.

The appellant, through counsel, submitted his EAJA application on April 12, 2007, more than 30 days after the March 5, 2007, Federal Circuit order that dismissed the case. The appellant disputes the Secretary's contention that this Court's judgment became final on March 5, 2007. He argues that the judgment did not become final until the expiration of the 90-day period for filing a petition for certiorari to the U.S. Supreme Court, i.e., on June 3, 2007, because *the Secretary* could have filed a petition for certiorari at the Supreme Court.[1] Reply at 3-5 (citing 38 U.S.C. § 7291(a)(1) (providing that when a decision of this Court is appealed to and affirmed or dismissed by the Federal Circuit, this Court's decision becomes final "upon the expiration of the time allowed for filing a petition for certiorari with the Supreme Court of the United States")). He argues that his EAJA application was filed not late, but prematurely, because the time for filing his EAJA application did not run until 30 days after June 3, 2007. Reply at 4-5.

EAJA's 30-day filing period is a statutory requirement. *See* 28 U.S.C. § 2412(d)(1)(B).[2] The Act requires that applications thereunder be submitted to the Court "within thirty days of final judgment in the action[.]" 28 U.S.C. § 2412(d)(1)(B). The Act defines "final judgment" as "a

---

[1] The Court notes that the appellant does not contend that he could have filed a petition for a writ of certiorari with the Supreme Court after the Federal Circuit's granted his motion to voluntarily dismiss; therefore, we need not address that issue further. *But see Empire Volkswagen Inc., v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) (noting that "[i]t is well settled that a plaintiff who seeks and receives a voluntary dismissal of his action without prejudice usually 'cannot maintain or prosecute an appeal from the order of dismissal.'" (quoting *Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 441, 444 (6th Cir. 1979)); *Impresa Construzioni Geom. Domenico Garufi v. United States*, 73 Fed. Cl. 718, 722 (2006) (acknowledging that "[b]ecause the [plaintiff] voluntarily moved to dismiss, it could not file a petition for a writ of certiorari in the Supreme Court," and that "[a]ny other interpretation of the effect of a voluntary dismissal would allow a plaintiff to circumvent the appeals process and seek review directly in the Supreme Court" (citations omitted)), *argued*, No. 07-5009 (Fed. Cir. Oct. 3, 2007).

[2] The Supreme Court has held that the EAJA "provision's 30-day deadline for fee applications and its application-content specifications are not properly [termed] 'jurisdictional'" but relate "only to postjudgment proceedings auxiliary to cases already within the court's adjudicatory authority." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). Nevertheless, the appellant has not argued that the statutory time limit for fee applications under 28 U.S.C. § 2412(d) is subject to equitable tolling, that an untimely filing may be excused under the Act, or that he is entitled to such equitable exception.

judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Pursuant to Rule 39 of the Court's Rules of Practice and Procedure, an application for attorney fees and expenses must be filed with the Clerk of Court "not later than 30 days after the Court's judgment becomes final pursuant to 38 U.S.C. § 7291(a) (which occurs 60 days after entry of judgment under Rule 36) or, consistent with Rule 41(b), upon the issuance of an order on consent dismissing, terminating, or remanding a case." U.S. VET. APP. R. 39(a). Our Court's Rule 41(b) is not applicable here because we did not issue the order on consent. Section 7291(a) contains provisions relating to the date when a Court decision becomes final, and the appellant specifically relies on section 7291(a)(1) in support of his position that his application was timely filed. Section 7291(a)(1) provides, in pertinent part:

> (a) A decision of [this Court] shall become final upon the expiration of the time allowed for filing, under section 7292 of this title, a notice of appeal from such decision, if no such notice is duly filed within such time. If such a notice is filed within such time, such a decision shall become final–
> (1) upon the expiration of the time allowed for filing a petition for certiorari with the Supreme Court of the United states, if the decision of the Court of Appeals for Veterans Claims is affirmed or *the appeal is dismissed by the [Federal Circuit] and no petition for certiorari is duly filed*[.]

38 U.S.C. § 7291(a)(1) (emphasis added).

The appellant argues that because his appeal had been dismissed by the Federal Circuit, this Court's judgment did not become final under section 7291(a)(1) "until VA's time for appeal [to the Supreme Court] ran." Reply at 7, 9-10. He contends that the Secretary retained the right to apply for certiorari "at any time up until the deadline for such an application." *Id.* at 8. The appellant's argument is unavailing. The appellant recognizes that the "dismissal" language in section 7291(a)(1) does not specify whether the dismissal contemplated by the statute is a voluntary dismissal or an involuntary dismissal.

The Federal Circuit and this Court, however, have recognized the distinction between a voluntary dismissal and an involuntary dismissal and the significance of that distinction. The Federal Circuit's rule regarding dismissal of a case based on consent of the parties provides that, "[a]n order dismissing a case on consent . . . will constitute the mandate." FED. CIR. R. 41. In determining when a judgment of this Court became final, this Court has previously discussed the applicability of Federal Circuit Rule 41 in cases where there had been a voluntary termination or

3

dismissal of an appeal at the Federal Circuit. Particularly, in *Pelea v. Nicholson*, this Court relied on Federal Circuit Rule 41 and section 7291(a)(1) to conclude that, by operation of law, this Court's judgment became final on December 1, 2005, the date on which the Federal Circuit issued an order dismissing the appeal on consent of parties, which order was also issued as the Federal Circuit's mandate, and this Court directed its Clerk of the Court to enter mandate on the docket as of December 1, 2005. *Pelea*, 20 Vet.App. 93, 94 n.1 (2006) (per curiam order), *aff'd*, 497 F.3d 1290 (Fed. Cir. 2007); *see also Bowers v. Brown*, 8 Vet.App. 25, 27 (1995) (holding that Court order granting consensual motion for remand pursuant to U.S. VET. APP. R. 41(b) was "final and not appealable," pursuant to 28 U.S.C. § 2412(d)(2)(G), and dismissing EAJA application where application was untimely filed).

The Court holds that, in both situations–where there is (1) a joint motion of the parties to terminate, dismiss or remand an appeal and (2) an unopposed motion to voluntarily dismiss the appeal– there is no option for a party to file an appeal (or a petition for a writ of certiorari) because both parties have already agreed to the judgment. *See generally Bowers*, 8 Vet.App. at 27 (noting that this Court's Rule 41(b), which provides that a consent order dismissing a case will constitute the mandate, does not provide for a period to appeal because a party who has voluntarily dismissed an appeal may not then file a writ alleging error (citing *United States v. Procter & Gamble Co.*, 356 U.S. 677, 680 (1958))); *see also Empire Volkswagen Inc., v. World-Wide Volkswagen Corp.*, 814 F.2d 90, 94 (2d Cir. 1987) (noting that "[i]t is well settled that a plaintiff who seeks and receives a voluntary dismissal of his action without prejudice usually 'cannot maintain or prosecute an appeal from the order of dismissal'" (quoting *Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 441, 444 (6th Cir. 1979))). Regardless of whether the Secretary had actually signed the motion to dismiss to make it a "joint" motion rather than an "unopposed" motion, the Federal Circuit did not attach any conditions to the dismissal and, therefore, there is nothing in the Federal Circuit's March 5, 2007, order to which the Secretary could take exception and could therefore be the subject of a petition for a writ of certiorari to the Supreme Court.[3] *Cf. Druhan v. Am. Mut. Life*, 166 F.3d 1324, 1325-26,

---

[3] The March 5, 2007, Federal Circuit dismissal order here granted the appellant's motion to voluntarily dismiss the appeal and directed that "[a]ll sides shall bear their own costs." We do not read this allocation of costs in accordance with Federal Circuit Rule 42 to be a condition to the dismissal that constitutes prejudice and that would thus render the dismissal appealable. Federal Circuit Rule 42, Voluntary Dismissal, provides, in pertinent part: "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the Court." The Practice Note provides

1325 n.3 (11th Cir. 1999) (dismissing appeal for lack of jurisdiction because there was no case or controversy where appellant appealed from final judgment entered on her own unopposed motion for dismissal); *see also Briseno v. Ashcroft*, 291 F.3d 377, 378-80 (5th Cir. 2002) (per curiam) (affirming order dismissing request for costs and fees under EAJA because party filed EAJA application more than 30 days after order granting voluntary dismissal became final and not appealable; lower court had granted joint motion for voluntary dismissal and had not attached conditions to dismissal).

The Court concludes that the EAJA application in this case was due on April 4, 2007, 30 days after the Court's October 23, 2006, judgment became final and not appealable. *See* 28 U.S.C. § 2412(d)(1)(A); 38 U.S.C. § 7291(a). The Court's judgment became final on March 5, 2007, when the Federal Circuit issued its order dismissing the appeal on consent of the appellant and the Secretary, and the Secretary had not filed an appeal to the Federal Circuit and could no longer file such appeal. *See Pelea* and *Bowers*, both *supra*. Similar to an order that terminates, dismisses, or remands a case based on a joint motion of the parties, the order here that granted the *unopposed* motion to withdraw the appeal to the Federal Circuit constituted the mandate of the Federal Circuit pursuant to the Federal Circuit Rule 41 and is "final and not appealable" under 28 U.S.C. § 2412(d)(2)(G). Accordingly, the Court concludes that the appellant's appeal was terminated by the Federal Circuit's "final and not appealable" order of March 5, 2007.

Although this Court's docket reflects the entry of mandate on March 21, 2007, the issuance of mandate is merely a ministerial act reflecting that the Court's judgment has become final. *See Pelea*, *supra*; *see also Strouth v. Brown*, 8 Vet.App. 502, 504 (1996) (per curiam order) ("The issuance of mandate is a ministerial function which is irrelevant to the timeliness of the EAJA application in this case."). Because the EAJA application was due on or before April 4, 2007, and was filed on April 12, 2007, it was filed outside the 30-day filing period and is untimely.

Accordingly, the appellant's EAJA application is DISMISSED as untimely.

---

in pertinent part:

> **Request to Withdraw Appeal or Petition.** An appellant or petitioner may request to withdraw an appeal or petition at any time before decision, and the request will be granted in all but the most unusual circumstances. An opposing party is ordinarily expected to consent to the withdrawal on terms requiring each party to bear its own costs on appeal.

5