NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**RONNIE LAWSON,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7125

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-0866, Judge William A. Moorman.

---

Decided: December 10, 2010

---

RONNIE LAWSON, Lakewood, New Jersey, pro se.

KIMBERLY I. KENNEDY, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director. Of counsel on

the brief was DAVID J. BARRANS, Deputy Assistant General Counsel, and BRIAN D. GRIFFIN, Attorney, United States Department of Veterans Affairs, of Washington, DC.

---

Before NEWMAN and DYK, *Circuit Judges*, and WHYTE,[*] *District Judge*.

PER CURIAM.

Ronnie Lawson ("Lawson") appeals pro se from the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming a decision of the Board of Veterans' Appeals ("Board"). *See Lawson v. Shinseki*, No. 08-0866 (Vet. App. July 12, 2010). The Board decision dismissed three claims and remanded six others. We *affirm in part* and *dismiss in part*.

## BACKGROUND

Since 1973, appellant has filed a number of claims related to his active duty in the U.S. Army from May 1968 to April 1970. The Regional Office ("RO") denied certain claims, and Lawson appealed to the Board. In December 1998, the Board remanded four of those claims: service-connection claims for PTSD and peripheral neuropathy; and a request to reopen service-connection claims for a seizure disorder and psychiatric disorder other than PTSD.

In November 2003, Lawson submitted a VA Form 21-4138 to the RO withdrawing his "appeals" for seizure disorder, psychiatric disorder other than PTSD, and

---

[*] Of the United States District Court for the Northern District of California, sitting by designation.

peripheral neuropathy.[1]   Thereafter, in the same month, the RO granted service connection for the PTSD claim at 30% disability rating, effective from August 1991, and at 100% rating, effective from February 1995.  In that decision, the RO confirmed Lawson's withdrawals for seizure disorder, psychiatric disorder other than PTSD, and peripheral neuropathy.  The RO also declared the appeal favorably resolved because it had granted service connection for PTSD.

In March 2004, Lawson challenged the effective date for his PTSD claim and filed additional claims for tinnitus, residuals of a neck injury, a brain and spinal cord condition, depression, and a non-service-connected disability pension.  He also sought to reopen his claim for service connection for a seizure disorder and raised several claims of clear and unmistakable error regarding prior final decisions, including decisions denying service connection for seizure disorder and psychiatric disorder other than PTSD.

Relying on Lawson's withdrawal notice, the Board dismissed three claims: a 1991 claim to reopen prior denials of service connection for a seizure disorder and a psychiatric disorder other than post-traumatic stress disorder ("PTSD"); and a service-connection claim for peripheral neuropathy.  The Board also remanded six other claims: service-connection claims for tinnitus, residuals of a neck injury, osteoarthritis, and malaria; and 2004 claims to reopen prior denials of service connection for a seizure disorder and a psychiatric disorder other than PTSD.

On appeal, the Veterans Court affirmed the Board's decision dismissing the three claims as not clearly errone-

---

[1]    Both parties refer to the claims then pending before the RO as "appeals."

ous.  The court also dismissed Lawson's appeal as to the six other claims, since they were remanded and no final decision had yet been rendered by the Board.  Lawson timely appealed to this court.

## DISCUSSION

This court's jurisdiction to hear appeals from the Veterans Court is limited by statute.  Under 38 U.S.C. § 7292(a) and (c), we may review an appeal only to the extent it pertains to the validity of "a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter)," or "to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."  This court reviews an interpretation of a statute by the Veterans Court de novo.  *Jones v. Brown*, 41 F.3d 634, 637 (Fed. Cir. 1994).  However, absent a constitutional issue, we do not have authority to review a Veterans Court's decision as to (1) a challenge to a factual determination or (2) a challenge to a law or regulation as applied to the facts of a specific case.  38 U.S.C. § 7292(d)(2).

## I

With respect to the three appeals found withdrawn, Lawson alleges that the Veterans Court failed to properly interpret 38 C.F.R. § 20.204, which governs the withdrawal of appeals.  Lawson argues that a withdrawal of an appeal could only be perfected by withdrawing twice—once with the RO and once with the Board.  But Lawson's interpretation of § 20.204 is incorrect.  Under § 20.204(b)(2), an "[a]ppeal withdrawal[ ] should be filed [with the RO] *until* the appellant [ ] receives notice that the appeal has been transferred to the Board." (emphasis added).  Only thereafter need the withdrawal be filed with the Board.  "*Until* the appeal is transferred to the Board, an appeal withdrawal *is effective when received [by the*

*RO]. Thereafter*, it is not effective *until* received by the Board." 38 C.F.R. § 20.204(b)(3) (emphases added). For a withdrawal to be effective, it need only be filed with whichever entity has current possession of the case. Here, Lawson withdrew his claims while they were still pending before the RO on remand and before a further appeal was transferred to the Board. *See* 38 C.F.R. § 19.38 ("[T]he case will be returned to the Board for further appellate processing [once the RO completes its actions on remand] unless the appeal is withdrawn."). The determination as to whether Lawson in fact had withdrawn his appeals is a finding of fact, over which we have no jurisdiction. Accordingly, we affirm the Veterans Court's dismissal of the three claims as withdrawn by Lawson.[2]

Lawson makes a number of other contentions with respect to the withdrawn appeals. However, the Veterans Court did not examine the validity or interpret any statute or regulation in these other respects. The only statutes raised by the Veterans Court pertain to its jurisdiction (38 U.S.C. §§ 7252(a), 7266(a)), its review process (§ 7104(d)(1)), and its "clearly erroneous" standard of review (§ 7261(a)(4)). The court merely summarized these statutes, without interpreting them. *See Forshey v. Principi*, 284 F.3d 1335, 1349–51 (Fed. Cir. 2002) (holding that interpretation occurs when court elaborates on meaning of a statute or regulation—merely citing or summarizing content is not "interpretation").

---

[2]    As the Veterans Court points out, while there was a finding that Lawson had withdrawn his appeal as to his seizure claim, the Board, in remanding a March 2004 claim to reopen for entitlement to service connection for seizure disorder, did acknowledge that the seizure disorder claim had not been dropped "forever." A6.

Nor has Lawson raised a non-frivolous constitutional issue. Therefore, none of Lawson's additional contentions raises an issue within this court's jurisdiction.

## II

Lawson also asserts that the Veterans Court erred by dismissing the appeal as to six remanded claims. However, we find that the Veterans Court correctly determined that it did not have jurisdiction because the Board had yet to render a final decision on those claims. *See Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364–65 (Fed. Cir. 2005). Should Lawson receive a final Board decision for the remanded claims with which he is not satisfied, Lawson is free to appeal the Board's decision to the Veterans Court. However, because the Veterans Court currently lacks jurisdiction over the remanded claims, this court also lacks jurisdiction to review those claims. Accordingly, we dismiss the appeal as to the six remanded claims.

**AFFIRMED-IN-PART and DISMISSED-IN-PART**

COSTS

No costs.