Stanley MARCH, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 91–1104.

United States Court of Veterans Appeals.

Nov. 18, 1994.

Stanley March, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Adrienne Koerber, Deputy Asst. Gen. Counsel, and Paul J. Hutter, Washington, DC, were on the pleadings, for appellee.

Before KRAMER, IVERS, and STEINBERG, Judges.

STEINBERG, Judge:

The appellant, veteran Stanley March, has applied for attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in connection with his pro se appearance before this Court in a successful appeal of a decision of the Board of Veterans' Appeals (BVA or Board). In response to the appellant's application, the Secretary contends that a pro se appellant may not recover attorney fees, and may recover expenses only when they are of the type that an attorney would bill to a client. The Secretary also urges the Court to deem the appellant's EAJA application to have been timely filed. For the reasons that follow, the Court will dismiss the application for attorney fees and will grant in part and deny in part the application for expenses.

## I. Background

A March 13, 1991, decision of the Board denied the appellant's application for service connection for a psychiatric disorder. In an August 6, 1993, memorandum decision, this Court vacated the BVA decision and remanded the matter for readjudication. On August 24, 1993, the veteran filed a motion to retain jurisdiction and an EAJA application for fees and expenses, requesting that the Court grant him a "monetary award in the amount [the C]ourt deems proper" for 300 hours he had "expended ... on legal research and [the] prosecution of [his] appeal." The appellant also submitted a list of itemized expenses totalling $142.50. On August 25, 1993, the Court entered judgment as to the decision issued on August 6, 1993.

On October 21, 1993, the Secretary moved to dismiss the appellant's EAJA application. Following a Court order, the Secretary submitted a June 3, 1994, supplemental response addressing the issues of the case in light of the Court's decisions in *Cook v. Brown*, 6 Vet.App. 226 (1994), *appeal docketed*, No. 94–7073 (Fed.Cir. May 17, 1994), and *Stillwell v. Brown*, 6 Vet.App. 291 (1994), *appeal docketed*, No. 94–7090 (Fed.Cir. June 20, 1994). Notwithstanding the Secretary's earlier motion to dismiss, the Secretary urged that the EAJA application be deemed timely filed and that expenses, but not fees, be awarded. On July 8, 1994, the appellant filed a reply to the supplemental response, and implicitly requested additional fees for 25 hours and expenses of $15. On September 26, 1994, the appellant, pursuant to a Court order requested by the Secretary, filed an itemization of the $15 in expenses.

This case presents three questions: (1) Is an EAJA application timely when received by the Court one day before judgment was entered? (2) May a pro se appellant recover attorney fees under 28 U.S.C. § 2412(d)? (3) What, if any, expenses may a pro se appellant recover under 28 U.S.C. § 2412(d)?

## II. Analysis

### A. Timeliness of the EAJA Application

The Federal Courts Administration Act, Pub.L. No. 102–572, 106 Stat. 4506 (1992) (FCAA), § 506, which made the EAJA applicable to this Court, provided that it applied to all cases "pending ... on the date of enactment", which was October 29, 1992. The Notice of Appeal in the instant case was filed on July 2, 1991, and a memorandum decision was issued on August 6, 1993. Therefore, this case was pending on the merits at the time of the enactment of the FCAA, and the Court has basic authority to entertain this EAJA application. *See Jones v. Brown*, 6 Vet.App. 101, 107 (1993) (en banc) (holding that the term "case pending" in FCAA § 506 included only cases pending before the Court on the merits on or after October 29, 1992), *appeal docketed*, No. 94–7057 (Fed.Cir. Mar. 28, 1994).

Section 2412(d)(1)(B) of title 28, U.S.Code, states: "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses". Subsection (d)(2)(G) defines "final

judgment" as "a judgment that is final and not appealable, and includes an order of settlement". We have held that "when this Court issues a remand order, the 30–day EAJA filing period begins when the Court has entered judgment and the 60–day appeal period has run". *Stillwell*, 6 Vet.App. at 300. This holding was based on the following: (1) Rule 36(b) [now Rule 36] of the Court's Rules of Practice and Procedure (Rules); (2) the Federal Circuit's decision in *Travelstead v. Derwinski*, 978 F.2d 1244, 1248 (Fed.Cir. 1992), which held that a remand order issued by this Court was a final, appealable order where the remand decision had interpreted a statute and compelled action by the Secretary; and (3) the Supreme Court's decision in *Shalala v. Schaefer*, —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), which held that the 30–day period for filing an EAJA application begins immediately upon expiration of the time for appeal of a Social Security Act "sentence four" remand order pursuant to 42 U.S.C. § 405(g). The Court in *Stillwell* reasoned that, although *Schaefer* had involved a remand to the Secretary of Health and Human Services (HHS) under 42 U.S.C. § 405(g), the holding of *Schaefer* applied to remands from this Court as well, because "the only fair reading of the language and import of the *Schaefer* decision compels the conclusion that it applies whenever judgment is entered as a consequence of judicial remand, at least where the remand is to an administrative agency". *Stillwell*, 6 Vet.App. at 299.

■ The appellant here submitted his application one day *before* judgment was entered in his case. In *Stillwell*, this Court held that where an application was submitted *after* judgment was entered but before the 60–day appeal period had run, the prematurity of the application was not fatal. *See Stillwell*, 6 Vet.App. at 300 (citing *Schaefer, supra; Melkonyan v. Sullivan*, 501 U.S. 89, 103, 111 S.Ct. 2157, 2165, 115 L.Ed.2d 78 (1991); *Brewer v. American Battle Monuments Commission*, 814 F.2d 1564, 1569–70 (Fed.Cir.1987)). Following the directive in *Stillwell, supra*, that a premature EAJA application should be treated as if it was later filed, we deem the appellant's application to have been timely filed because it was received before the EAJA filing period began and was not returned to the appellant. *Cf. Stillwell*, 6 Vet.App. at 300. The Court notes that it has established a procedure under which an EAJA application received after the underlying decision is issued and before the 60–day Federal Circuit appeal period has run will be marked by the Clerk of the Court as "received" by the Court on the date it is received, and will be so docketed; then, on the first day of the 30–day EAJA-application period, the Clerk will stamp the application filed as of that date and will so docket it.

■ The appellant has moved the Court to retain jurisdiction. In cases remanded to the BVA prior to our holding in *Stillwell, supra*, we had retained jurisdiction under Rule 36(b) of the Rules for the limited purpose of entertaining an EAJA application for attorney fees and expenses. The *Stillwell* holding (that a remand to the BVA results in a judgment that initiates the 60–day appeal period) made retention of jurisdiction no longer necessary to preserve an appellant's ability to receive EAJA fees regarding his or her appeal to this Court. Accordingly, concurrent with the decision in *Stillwell*, the Court issued Miscellaneous Order No. 2–94 (Mar. 11, 1994), which rescinded Rule 36(b) and ordered the Clerk of the Court to enter a new, unqualified judgment on any appeal that remained pending here under a qualified judgment entered pursuant to the superseded Rule 36(b). Because the appellant in the instant case had received a judgment on August 25, 1993, and the 60–day appeal period had then begun to run, we deny as moot the appellant's motion to retain jurisdiction.

## B. EAJA Fees for Pro Se Appellants

■ The appellant seeks fees under 28 U.S.C. § 2412(d) for 300 hours he claims to have spent prosecuting his appeal on the merits before this Court and an additional 25 hours he claims to have spent preparing his EAJA application (so called "fees for fees"). In *Cook, supra*, we held that the Court does not have jurisdiction to award EAJA attorney fees to non-attorney practitioners who are not supervised by an attorney. *Id.* at 230–33. Although the appellant in *Cook* was

represented by a non-attorney practitioner and the appellant here represented himself, the following analysis in *Cook* of the statutory language and legislative history of 28 U.S.C. § 2412(d)(2)(A) leads to the conclusion that we do not have jurisdiction to award EAJA attorney fees to a pro se appellant.

Section 2412(d)(2)(A) states: "[The term] 'fees and other expenses' includes ... reasonable attorney fees". In our discussion of this provision in *Cook, supra,* we noted that subsection (d)(2)(A) defines "fees and other expenses" as including " 'reasonable *attorney* fees' (emphasis added)". *Cook,* 6 Vet.App. at 230. The Court went on to observe:

> When Congress used the phrase "reasonable *attorney* fees" in EAJA, 28 U.S.C. § 2412(d)(2)(A) (emphasis added), and thereafter made the EAJA applicable to this Court through FCAA § 506, it is presumed, according to Supreme Court and Federal Circuit precedent, to have been "knowledgeable about existing [statutory and case] law pertinent to the legislation it enact[ed]." Thus, when Congress made the EAJA applicable to this Court in 1992, we presume it was aware of case law restricting the phrase "reasonable attorney fees" to work performed or supervised by an attorney.

*Id.* at 231 (citations omitted).

The Federal Circuit has held that attorney fees are not recoverable under the EAJA for pro se petitioners. *See Naekel v. Department of Transp., FAA,* 845 F.2d 976 (Fed. Cir.1988). The Federal Circuit concluded in *Naekel:*

> The legislative history of the EAJA ... shows Congressional intent not to make a major change in the policy embodied in existing fee-shifting statutes.... We conclude that neither the EAJA nor the Back Pay Act authorizes payment to Mr. Naekel for the time spent acting *pro se* in his appeal to this court.

*Naekel,* 845 F.2d at 981.

Four United States courts of appeals have held that pro se petitioners cannot be awarded attorney fees under the EAJA. The Eleventh Circuit, in reversing a lower court award of over $18,000 in attorney fees to a pro se litigant, has held that the policy of the EAJA, as in other fee-shifting statutes, was to provide litigants with an incentive to retain counsel. *Celeste v. Sullivan,* 988 F.2d 1069, 1070–71 (11th Cir.1992). The Ninth Circuit has held that the plain language of the EAJA (court noted that fees are specifically defined in the statute as "reasonable attorney fees") "leads to the conclusion that Congress intended that an attorney have been retained [in order] for a prevailing *pro se* litigant to recover attorneys fees under the EAJA". *Merrell v. Block,* 809 F.2d 639, 642 (9th Cir.1987). The First and Tenth Circuits have held that attorney fees cannot be awarded to pro se petitioners, because the underlying purpose of EAJA attorney-fee payments was to remove the obstacle of attorney fees from challenges to unreasonable government action. *Crooker v. EPA,* 763 F.2d 16, 17 (1st Cir.1985); *Demarest v. Manspeaker,* 948 F.2d 655, 655 (10th Cir.1991).

The Second Circuit has suggested that EAJA fees may be awarded to a pro se petitioner, but only where the litigation caused the petitioner to divert time from incomeproducing activity. *Sommer v. Sullivan,* 898 F.2d 895, 896 (2nd Cir.1990), *cert. denied,* 498 U.S. 980, 111 S.Ct. 508, 112 L.Ed.2d 520 (1990) (citing *Crooker v. U.S. Dept. of the Treasury,* 634 F.2d 48 (2d Cir. 1980)). However, the Second Circuit did not actually award fees in either *Sommer* or *Crooker.* The District of Columbia Circuit has held that a pro se petitioner who is an attorney may recover attorney fees under the EAJA. *See Jones v. Lujan,* 887 F.2d 1096, 1097 (D.C.Cir.1989); *Jones v. Lujan,* 883 F.2d 1031, 1034 (D.C.Cir.1989).

The appellant here did not cite, and we have not found, any case where a court of appeals has awarded or approved the award of EAJA fees to a non-attorney pro se applicant. The Supreme Court, in a case where an attorney-petitioner sought attorney fees under the Civil Rights Attorney's Fees Awards Act (CRAFAA), recently stated: "The Circuits are in agreement, however, on the proposition that a pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees [under the CRAFAA].... and we are ... satisfied that [those cases] were correctly

decided." *See Kay v. Ehrler,* 499 U.S. 432, 435, 111 S.Ct. 1435, 1436–37, 113 L.Ed.2d 486 (1991).

■ The appellant alleges that to allow represented parties to collect fees under the EAJA while denying such fees to pro se parties is a violation of equal protection under the Constitution. Statutes affecting non-attorneys do not receive heightened scrutiny under the equal protection clause of the Fourteenth Amendment (as applied to the Federal government through the Fifth Amendment, *see Saunders v. Brown,* 4 Vet. App. 320, 325 (1993) (citing *Bolling v. Sharpe,* 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), for the proposition that the equal protection clause is applied to the federal government through the Fifth Amendment's due process clause); *Weinberger v. Wiesenfeld,* 420 U.S. 636, 638 n. 2, 95 S.Ct. 1225, 1228 n. 2, 43 L.Ed.2d 514 (1975) ("This Court's approach to Fifth Amendment equal protection claims has always been precisely the same as to equal protection claims under the Fourteenth Amendment")). Thus, such a challenge to the EAJA's constitutionality need meet only the standard of rational relationship to a legitimate government purpose. *See Harris v. Rosario,* 446 U.S. 651, 100 S.Ct. 1929, 64 L.Ed.2d 587 (1980) (economic concerns "suffice[d] to form a rational basis for the challenged statutory classification"). The legislative purpose of providing fees to represented appellants but not to pro se appellants was articulated by the First Circuit in holding that the underlying purpose of EAJA attorney-fee awards was to remove the obstacle of attorney fees from challenges to unreasonable government action. *See Crooker,* 763 F.2d at 17. The EAJA is a rational means of achieving such a legitimate government purpose. Applying our opinion in *Cook, supra,* the Federal Circuit's opinion in *Naekel, supra,* and caselaw from other courts of appeals, we conclude that a pro se, non-attorney applicant's claim for fees under section 2412(d) must be denied.

## C. EAJA Expenses for Pro Se Applicants

The appellant has applied for the following expenses in connection with his appeal to this Court: $10.00 (four packs of typewriter bat-teries); $22.50 (three typewriter ribbons); $10.00 (one box of paper); $45.00 (photocopying); $15.00 (postage); and $40.00 (bus fare to law library)—for a total of $142.50. In addition, the appellant has applied for the following expenses incurred in pursuing his EAJA application: $5.00 (typewriter batteries); $2.00 (photocopying); $2.00 (postage and envelopes); and $6.00 (bus fare to law library)—for a total of $15.00. The appellant has not applied for court costs. The Court waived the payment of the $50.00 filing fee based on his application for such waiver.

■ As to the question of whether expenses under section 2412(d) can be paid to a non-attorney, the Court held in *Cook, supra,* that section 2412(d), although it excludes a non-attorney practitioner from being reimbursed for attorney fees, does not prohibit the payment of expenses of litigation to a non-attorney practitioner. In *Cook,* 6 Vet. App. at 236, the Court cited *Naekel,* 845 F.2d at 981, which permitted "reimbursement of litigation expenses and costs [under] § 2412(d)(1)(A)" as not "dependent on whether [the appellant] was representing himself". Thus, carrying over the analogy in Part II.B., above, which led us to conclude that a pro se appellant should be treated the same as a non-attorney practitioner for EAJA purposes, a pro se appellant may be awarded EAJA expenses pursuant to section 2412(d) because expenses of representation before us provided by a non-attorney practitioner may be awarded under the EAJA. *See Merrell, supra* (actual expenses incurred are awardable under EAJA to pro se litigant); *accord Carter v. Veterans Administration,* 780 F.2d 1479, 1482 (9th Cir.1986).

■ Having determined that a pro se appellant may be eligible for an award of expenses, we must now determine if the appellant in this case should be awarded the expenses he seeks. An EAJA application must be timely filed, must show that the appellant is a "prevailing party", and must allege that the position of the United States was not "substantially justified". 28 U.S.C. § 2412(d)(1)(B); Rule 39 of the Rules; *see also Cook,* 6 Vet.App. at 236. An additional requirement is that a party who seeks fees and other expenses, if the party is an individ-

ual and not the owner of a business, must have a net worth not exceeding $2,000,000 at the time the civil action was filed. *See* 28 U.S.C. § 2412(d)(2)(B)(i). According to the affidavit he filed with the Court on July 2, 1991, the appellant meets the net-worth requirement, and the Secretary does not contest that.

In his August 1993 EAJA application, the appellant asserted that he is a prevailing party because the Court had vacated the BVA decision and remanded the matter to the Board. Such a judicial remand to the administrative agency as to an appellant's underlying claim is sufficient to confer prevailing-party status. *See Schaefer*, — U.S. at —, 113 S.Ct. at 2632 (Social Security claimant is "prevailing party" under section 2412(d)(1)(A) on basis of having had claim remanded by district court to HHS Secretary for further adjudication); *see also Cook*, 6 Vet.App. at 236.

▇ The appellant did not allege in so many words that the position of the United States was not substantially justified, but he did state: "The SECRETARY filed an improvident Motion for Summary Affirmance." The Court holds that, in the case of a pro se appellant, such a statement is an adequate allegation of a lack of substantial justification. *See Matter of Quigley*, 1 Vet.App. 1, 1 (1990) (Court liberally construed the allegations and prayer for relief of pro se appellant). The Secretary stated that he "concedes" that the government position lacked substantial justification "with respect to … expenses". Substantial justification is an affirmative defense, and *Cook* held that where a lack of substantial justification is alleged the burden shifts to the Secretary to prove substantial justification; if the Secretary does not contest the issue, the Court need not address it. *Cook*, 6 Vet.App. at 237.

Section 2412(d)(2)(A) provides that "fees and other expenses" recoverable under subsection (d)(1)(A) *"includes* the reasonable expenses of expert witnesses, [and] the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case". (Emphasis added.) Courts are split on the issue of what specific expenses can be recovered under this section. Some courts have held that if a particular expense does not appear as an enumerated item in subsection (d)(2)(A), it cannot be awarded thereunder. *See, e.g., Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986); *Massachusetts Fair Share v. LEAA*, 776 F.2d 1066, 1069–70 (D.C.Cir.1985). Other courts have held that the list of expenses in subsection (d)(2)(A) is not exclusive. *See, e.g., Vaughn v. Heckler*, 860 F.2d 295, 296 (8th Cir.1988) (awarding postage and photocopying expenses); *Aston v. Secretary of HHS*, 808 F.2d 9, 12 (2d Cir.1986) (awarding telephone, photocopying, travel, and postage expenses); *International Woodworkers of America, AFL–CIO, Local 3–98 v. Donovan*, 769 F.2d 1388, 1392 (9th Cir.1985) (awarding telephone, postage, and travel expenses); *SEC v. Kaufman*, 835 F.Supp. 157 (S.D.N.Y. 1993) (awarding travel, typing services, postage, telephone, transportation, storage of records, and translation expenses); *Holden v. Bowen*, 668 F.Supp. 1042 (N.D.Ohio 1986) (awarding telephone, messenger service, postage, computer-assisted research, and travel expenses).

Following the precedent of the Federal Circuit in *Oliveira v. U.S.*, 827 F.2d 735, 744 (Fed.Cir.1987), that the specific expenses listed in section 2412(d)(2)(A) are not the only expenses that can be recovered, we held in *Cook*, 6 Vet.App. at 238, that "the definition of fees and other expenses" .... is inclusive rather than exclusive. The *Oliveira* case dealt with expenses incurred by an attorney, and the Federal Circuit stated:

> We interpret 28 U.S.C. § 2412 to mean that the trial court, in its discretion, may award only those reasonable and necessary expenses of an attorney incurred or paid in preparation for trial of the specific case before the court, which expenses are those customarily charged to the client where the case is tried. The quantum and method of proof of each allowable expense is discretionary with the trial court. In contrast, expenses of an attorney that are not incurred or expended solely or exclusively in connection with the case before the court, or which expenses the court finds to be unreasonable or unnecessary in the

pending litigation, cannot be awarded under the EAJA.

*Oliveira*, 827 F.2d at 744; *see also Chiu v. U.S.*, 948 F.2d 711, 713 (Fed.Cir.1991) (determination of amount of EAJA award is discretionary with trial court). Here, this Court is operating, for EAJA purposes, as a trial court. In *Cook*, we concluded: "[T]he weight of case law suggests that all 'legal expenses ordinarily arising in the course of providing legal services' to a client are recoverable under EAJA section 2412(d)(1)(A) as 'expenses'". *Cook, supra* (citing *Oliveira*, 827 F.2d at 743). We also held in *Cook* that, even though EAJA section 2412(a) does not apply to this Court, an appellant is not prohibited from recovering an expense under section 2412(d) merely because that expense also qualifies as a section-2412(a) cost (defined by cross-reference to 28 U.S.C. § 1920). *See Cook*, 6 Vet.App. at 237–40.

■ The expenses sought here are for typewriter batteries, typewriter ribbons, paper, photocopying, postage, and bus fare to the law library. Applying the rule of *Oliveira*, 827 F.2d at 744, that expenses "customarily charged to the client where the case is tried" may be awarded, we award expenses for photocopying ($47), postage ($17), and transportation ($46). We deny the application for expenses for typewriter batteries ($15), typewriter ribbons ($22.50), and paper ($10) because these are equipment-maintenance and overhead items of a type we find would not normally be billed to a client.

### III. Conclusion

The Court holds that the appellant's EAJA application was timely filed under 28 U.S.C. § 2412(d) and Rules 36 and 39 of the Court's Rules. The appellant's application for EAJA fees for the hours he spent representing himself before this Court in the underlying appeal and in his EAJA application is dismissed for lack of jurisdiction. *Cf. Cook, supra.* The appellant's application for EAJA expenses is granted in part and denied in part. The Secretary is directed to award the appellant $110.00 in expenses under 28 U.S.C. § 2412(d).

DISMISSED IN PART; DENIED IN PART; AND GRANTED IN PART.