74 F.3d 1260
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Stanley MARCH, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7032.
 United States Court of Appeals, Federal Circuit.
 Jan. 19, 1996.
Rehearing Denied Feb. 21, 1996.
 
 Before RICH, PLAGER and LOURIE, Circuit Judges.
 PER CURIAM
 Stanley March, acting pro se, seeks review of the decision of the United States Court of Veterans Appeals ("CVA") in March v. Brown, 7 Vet.App. 163 (1994). In its decision, the CVA dismissed Mr. March's application for attorney fees, made pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. Sec. 2412(d). The CVA granted in part and denied in part his application for expenses. Mr. March appeals.
 This court will uphold a decision of the CVA unless found to be (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (b) contrary to constitutional right, power, privilege or immunity; (c) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (d) without observance of procedure required by law. 38 U.S.C. Sec. 7292(d)(1) 1988 & Supp. V. We review questions of law, including constitutional statutory interpretations de novo. Id. This court may not review a challenge to a factual determination, or a challenge to a law or regulation as applied to the facts of a particular case. 38 U.S.C. Sec. 7292(d)(2) 1988 & Supp. V.
 Mr. March appeals CVA's denial of certain expenses. This is a challenge to a law or regulation as applied to the facts of a particular case, and we have no jurisdiction to hear this challenge. Mr. March also appeals the CVA's denial of attorney fees under the EAJA. This is a question of law, over which we have jurisdiction.
 Mr. March seeks fees for 300 hours he claims to have spent prosecuting his appeal on the merits, and an additional 25 hours he claims to have spent preparing his EAJA application. In support of his position, Mr. March argues that United Nations treaties signed by the United States have the force of law, and that the law under these treaties demands he receive attorney fees. Specifically, he argues that equal access to justice and equal pay for equal work are human rights as defined in the United Nations Universal Declaration of Human Rights, and therefore he must receive attorney fees.
 
 
 1
 Mr. March argues that equal access to justice is a human right and, if denied attorney fees, he would not have access to justice. However, this is clearly not true, especially since he was awarded expenses, his filing fees in the lower court were waived and, ultimately, Mr. March not only had his day in front of the Board of Veterans Appeals, he also had his day in front of the Court of Veterans Appeals and in front of the United States Court of Appeals for the Federal Circuit.
 
 
 2
 Mr. March also argues that his rights were violated because he did not receive equal pay for equal work. In other words, Mr. March contends that because he prepared his case and typed his brief, he deserves what a lawyer would have received. However, one does not become a lawyer simply by opening a book or sitting in front of a typewriter. Lawyers, as members of a profession, are paid for their expertise and experience gained from years studying in an accredited law school, passing the bar exam, and practicing law. That did not happen in this case and so we do not accept the "equal pay for equal work" argument. Furthermore, this case is governed by Cook v. Brown, 68 F.3d 447 (Fed.Cir.1995), in which this Court held that the EAJA does not allow non-attorney practitioners in the CVA to recover attorney fees, even if those non-attorney practitioners are highly skilled, and are licensed by the CVA to practice in that court.
 
 
 3
 Finally, this Court has held that fees for the time spent by a petitioner acting pro se in an appeal not recoverable under the EAJA for pro se petitioners. See Neakel v. Department of Transp., FAA, 845 F.2d 976 (Fed.Cir.1988). Since we are bound by these precedents, and they are directly on point, the CVA's decision is
 
 
 4
 AFFIRMED.