# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1481(E)

Rufus Z. White, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

Before HAGEL, DAVIS, and SCHOELEN, *Judges*.

## O R D E R

Before the Court is Rufus Z. White's December 14, 2004, application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA), for an award of attorney fees and expenses in the amount of $4,930.91. The EAJA application was filed on Mr. White's behalf by his attorney, Hugh D. Cox, Jr. On January 10, 2005, the Secretary filed an unopposed motion for an extension of time until January 25, 2005, to file a response to the EAJA application. The Clerk of the Court granted that motion on the following day. On January 25, 2005, the Secretary filed a response to the EAJA application in which he concedes that Mr. White is entitled to an EAJA award and contests only $100.00 sought by Mr. White for a "storage-filing maintenance fee." Mr. White has filed a reply to that response. For the reasons that follow, the Court will grant Mr. White's EAJA application with the exception of the $100.00 sought for storage-filing maintenance.

The Court has jurisdiction pursuant to 28 U.S.C. § 2412(d)(2)(F) to award reasonable attorney fees and expenses. In this case, Mr. White filed his EAJA application within the 30-day time period set forth in 28 U.S.C. § 2412(d)(1)(B) and his application satisfies that section's content requirements. *See Scarborough v. Principi,* 541 U.S. 401, 407-08 (2004). The Secretary does not contest that an award of fees is appropriate in this case. Hence, the Court is left only to determine the reasonableness of the amount sought. *See* 28 U.S.C. § 2412(d)(2)(A); *Ussery v. Brown,* 10 Vet.App. 51, 53 (1997). The burden of demonstrating the reasonableness of the fee request rests with the appellant, the party applying for the fees. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Section 2412(d)(2)(A) provides that "'fees and other expenses'" recoverable under the EAJA "includes . . . reasonable expenses . . . found by the court to be necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). Interpreting that section, this Court has held that it has discretion to award "expenses 'customarily charged to the client where the case is tried'" and that it will not award expenses for "equipment-maintenance and overhead items" because such expenses "would not normally be billed to a client." *March v. Brown*, 7 Vet.App. 163, 169-70 (1994) (quoting *Oliveira v. U.S.*, 827 F.2d 735, 744 (Fed. Cir. 1987)). Finally, because it is pertinent to the instant matter, the Court notes that Rule 37(a)(1) of the Court's Rules of Practice and Procedure (Rules),

entitled "Contingency Planning," provides in part that "[w]hen [an] appellant . . . is represented, the representative ***must retain copies*** of the record on appeal and all papers filed with the Court by the parties or any intervenor or amicus curiae and of all actions issued by the Court." U.S. VET. APP. R. 37(a)(1) (emphasis added). Rule 37(b), in turn, provides that such copies "will be retained for not less than one year after all proceedings, including those concerning attorney fees and expenses . . . are concluded." U.S. VET. APP. R. 37(b).

Here, attorney Cox, on Mr. White's behalf, requests a total EAJA award of $4,930.91; $4,775.25 in fees for attorney Cox's services and $155.66 in expenses. EAJA Application at 6-7. The $155.66 in expenses requested includes (1) $20.00 for telephone calls and fax transmissions, (2) $35.66 in delivery costs, and (3) $100.00 for "[s]torage-filing-maintenance per Rule 37[,] estimated cost of one year's maintenance." *Id.* at 7. The Secretary, in his response, contends only that the total fee awarded should be reduced by the $100.00 storage-filing maintenance fee. Secretary's Response at 2, 4-5. Specifically, he argues that storage-filing maintenance fees "are costs that are not customarily charged to the client" and are "much like fees paid by an attorney for maintaining office space and should be considered as part of an attorney's hourly fee." *Id.* at 4. He also argues that Mr. White has "merely alleged that he is entitled to such a fee" but has not specified "the amount of the rent that is necessary to store a 575[-]page record or the square footage of the storage facility involved, much less the necessity of renting a storage facility for the storage of such a small record." *Id.* at 2. Attorney Cox, on Mr. White's behalf, filed a reply to the Secretary's response in which he advances a difficult-to-comprehend argument to the effect that, although he did not oppose the Secretary's January 10, 2005, motion for an extension of time, the Court should strike the Secretary's response to his EAJA application because the requirement that the Secretary file an opposition within 30 days "is jurisdictional." Appellant's Reply at 3. He further asserts that he "deeply regrets that he did not know that his position not opposing the Secretary's [m]otion for an [e]xtension of [t]ime could not be waived since the Court's Rules do not allow such an extension." *Id.* at 5. Next, he contends that Rule 37 of the Court's Rules of Practice and Procedure "increases the attorney's cost beyond normal 'overhead.'" *Id.* at 7. He further contends that he "now pays the amount of $50 per month to Arlington Mr. Store It Mini Storage . . . to store legal records when retired" and that "[m]ost of this storage is taken up by veteran's cases." Finally, he asserts that he "has paid this amount since approximately February 1998" and that "[t]he estimate is that Rule 37 would cost approximately $100.00 per year extra." *Id.*

As an initial matter, the Court notes that attorney Cox's argument that the Court should strike the Secretary's response to his EAJA application because the requirement that the Secretary file an opposition within 30 days "is jurisdictional" is entirely without merit. Appellant's Reply at 3. The U.S. Supreme Court has stated that even the EAJA's "30-day deadline for fee applications and its application-content specifications are not properly typed 'jurisdictional.'" *Scarborough*, 541 U.S. at 413. In addition, the Court fails to understand how the Secretary's response to the EAJA application, whether filed in a timely manner or not, is in any way relevant to the question of the Court's jurisdiction over the matter. Finally, contrary to attorney Cox's assertion, the Court has discretion to extend the 30-day period set by Rule 39(b) during which the Secretary must file a response to an EAJA application. *See* U.S. VET. APP. R. 26(b) ("The Court, on its own initiative or on a party's

motion for good cause shown, may extend the time set by these rules for doing any act . . . but . . . may not extend the time for filing a Notice of Appeal or an application for attorney fees and expenses."). For the reasons set forth below, the Court agrees with the Secretary and will deny the $100.00 requested for storage maintenance.

First, pursuant to section 2412(d)(2)(A), only "reasonable expenses . . . found by the court to be ***necessary for the preparation of the party's case***" are recoverable under the EAJA. 28 U.S.C. § 2412(d)(2)(A) (emphasis added). In addition, as stated above, Rule 37 of the Court's Rules of Practice and Procedure mandates the storage of records for at least one year ***after*** all proceedings before the Court, including those concerning the EAJA application, have been concluded. *See* U.S. VET. APP. R. 37(b) (emphasis added). As a matter of course, we would assume, and attorney Cox does not contend otherwise, that an attorney would maintain records relating to a case while that case is still pending before the Court. In fact, attorney Cox argues only for recovery under the EAJA of the expense incurred as a result of Rule 37(b)'s requirement that he maintain the records in this case for at least one year after all proceedings before the Court have been concluded. *See* EAJA Application at 7. Because proceedings in this case have not yet been concluded, attorney Cox has incurred no additional expense as a direct result of Rule 37(b). Such an expense, if incurred at all, will be incurred only after all proceedings before the Court have been concluded. As a consequence, expenses incurred as a result of compliance with Rule 37 do not appear to constitute expenses that are "necessary for the preparation of the party's case." 28 U.S.C. § 2412(d)(2)(A). Second, attorney Cox has not demonstrated, let alone argued, that such an expense is of a type that is ordinarily billed to a client. *See March*, 7 Vet.App. at 169-70. Indeed, in our view, the rental of additional storage space to accommodate the maintenance of records, whether required by rule or not, is a cost more appropriately characterized as an unrecoverable overhead expense than as an expense that would normally be paid by the client. Finally, attorney Cox's claim for $100.00 as an expense for storage-file maintenance is vague and unsupported. Attorney Cox states that he "now pays $50.00 per month to . . . store legal records when retired" and that "[m]ost of this storage is taken up by veteran's cases." Appellant's Reply at 7. Additionally, he asserts that "Rule 37 would cost approximately $100.00 per year extra." *Id*. It is unclear from attorney Cox's pleadings whether the $100.00 that he seeks in expenses represents the cost of complying with the Rule in all cases in which he represents appellants before the Court or the cost of complying with the Rule in the instant case alone. If it is the former, then the $100.00 is unrecoverable because it is not an expense "incurred or expended solely or exclusively in connection with the case before the court." *March,* 7 Vet.App. at 169 (quoting *Oliveira*, 827 F.2d at 744). If it is the latter, then the expense is unreasonable. *Id.* In that regard, we note that it strains logic to accept that the cost associated with storing the relatively small record in this case is $100.00 per year, considering that attorney Cox's total cost for storing "legal records" in "veteran's cases" amounts to less than $600.00 per year. *See* Appellant's Reply at 7 (stating that "counsel now pays . . . $50.00 per month . . . to store legal records when retired" and "[m]ost of this storage is taken up by veteran's cases"); *see also* Secretary's Response at 2 (noting that this appeal involved a "575[-] page record" on appeal).

On consideration of the foregoing, it is

ORDERED that Mr. White's December 14, 2004, EAJA application is GRANTED in substantial part.  Mr. White is awarded a total of $4,830.91 in attorney fees and expenses.

DATED:        July 5, 2005                                                    PER CURIAM.