ORDER
PER CURIAM:
On August 5, 2005, the Court issued its opinion in the instant appeal of a May 2, 2001, decision of the Board of Veterans’ Appeals (Board). See Pelea v. Nicholson, 19 Vet.App. 296 (2005). On August 29, 2005, the Court entered its judgment. Pursuant to Rule 41(a) of the Court’s Rules of Practice and Procedure, mandate was due to issue 60 days from that date. See U.S. Vet.App. R. 41(a).
On October 24, 2005, the appellant’s counsel notified the Court of the appellant’s death. Counsel indicated that the appellant had died on September 6, 2005. Thus, the appellant died after judgment was entered but before mandate issued.
Meanwhile, the Secretary had appealed this Court’s August 2005 decision to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), which granted a joint motion of the parties and dismissed that appeal in a December 1, 2005, order, which was also issued as the Federal Circuit’s mandate.[1] On December 5, 2005, the Secretary filed with this Court a motion to recall judgment and to dismiss the instant appeal. On February 10, 2006, the appellant’s counsel filed a response in opposition to the Secretary’s motion to dismiss and a motion for substitution of party. The appellant’s counsel argues that this case does not involve a veteran-appellant but rather, a widow-appellant seeking dependency and indemnity compensation (DIC). Counsel further argues that the cases relied upon by the Secretary in his motion to dismiss are not directly on point, and thus, do not dictate that this appeal be dismissed.
The Court held in Landicho v. Brown, 7 Vet.App. 42, 54 (1994), that when a veteran dies while an appeal of the denial by the Board of his or her claim for disability compensation under chapter 11 of title 38, U.S.Code, is pending, the appropriate remedy is to vacate the Board decision from which the appeal was taken and to dismiss the appeal. See also Zevalkink v. Brown, 102 F.3d 1236, 1243-44 (Fed.Cir.1996) (expressly agreeing with this Court’s Landicho holding); Morton v. Gober, 14 Vet.App. 174 (2000) (per curiam order). Where the appellant’s death occurs after *95 issuance of judgment and prior to this Court’s decision becoming final, as occurred here, the case is pending at the time of the death, and the appeal must be dismissed. See Serra v. Nicholson, 19 Vet.App. 268, 274 (2005).
In addition, in Erro v. Brown, 8 Vet.App. 500, 501-02 (1996), the Court held that the logic of the Landicho opinion applies with equal force to cases, as here, where the appellant is seeking DIC benefits under chapter 13 of title 38, U.S.Code. And, the Court in McNaron v. Brown, 10 Vet.App. 61, 63 (1997), recognized that the death of a petitioner prior to the issuance of mandate is an exceptional circumstance warranting that mandate be recalled. Indeed, the longstanding precedent of this Court is to recall judgment and mandate when an appellant/petitioner dies before the judgment has become final. See, e.g., Padgett v. Nicholson, 19 Vet.App. 334 (2005) (en banc) (per curiam); see also Landicho, 7 Vet.App. at 53-54. We see no reason to embark upon a departure. As a consequence, the appeal will be dismissed.
Upon consideration of the foregoing, it is
ORDERED that the appellant’s motion for substitution of party is denied. It is further
ORDERED that, with respect to the Court’s August 29, 2005, judgment, the Clerk of the Court enter mandate on the Court’s docket as of December 1, 2005. It is further
ORDERED that the Court’s August 5, 2005, opinion is withdrawn and that judgment and mandate are recalled with respect to that opinion. It is further
ORDERED that the May 2, 2001, Board decision is VACATED with respect to the matters appealed to the Court. It is further
ORDERED that this appeal is DISMISSED for lack of jurisdiction.

. By operation of law, this Court's August 2005 decision became final on December 1, 2005. See Fed. Cir. R. 41(a) ("An order dismissing a case on consent ... will constitute the mandate.”); see also 38 U.S.C. § 7291(a)(1) (providing that when a decision of this Court is appealed to and affirmed or dismissed by the Federal Circuit, this Court’s decision becomes final "upon the expiration of the time allowed for filing a petition for certiorari with the Supreme Court of the United States”). Although the issuance of mandate with respect to our August 2005 judgment is not reflected on our docket, the issuance of mandate is merely a ministerial act reflecting that the Court’s judgment has become final. See U.S. Vet.App. R. 41(a). That being the case, and in order to resolve any doubt regarding the finality of our August 2005 decision, we will direct that the Clerk of the Court enter mandate on our docket as of December 1, 2005.