**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 04-0452(E)

ROBERT J. KIDDEY, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appellant's Application for Attorney Fees and Expenses

(Decided February 12, 2009)

*Kenneth M. Carpenter*, of Topeka, Kansas, was on the pleading for the appellant.

*Paul J. Hutter*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; *Brian B. Rippel,* Deputy Assistant General Counsel; and *Brian P. Tierney*, all of Washington, D.C., were on the pleading for the appellee.

Before GREENE, *Chief Judge*, and MOORMAN and LANCE, *Judges.*

MOORMAN, *Judge*: The appellant, Robert J. Kiddey, filed an application for an award of $8,544.39 in attorney fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). On June 16, 2008, the Court issued an opinion that dismissed the EAJA application as untimely because it was filed more than 30 days after the Court's October 23, 2006, judgment became final and not appealable. *See* 28 U.S.C. § 2412(d)(1)(A); 38 U.S.C. § 7291(a). The Court held that its judgment became final on March 5, 2007, when the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) had granted the appellant's unopposed motion to withdraw the appeal to the Federal Circuit, because the Federal Circuit's order was "final and not appealable" under 28 U.S.C. § 2412(d)(2)(G). The appellant subsequently filed a motion for panel reconsideration of this Court's opinion in light of the Federal Circuit's June 27, 2008, decision in *Impresa Construzioni Geom. Domenico Garufi v. United States*, 531 F.3d 1367 (Fed. Cir. 2008). The Secretary filed a response in which he concedes that *Impresa* is persuasive authority, does not oppose the Court's reconsideration, and notes no opposition to an EAJA payment up to the requested

amount. For the reasons that follow, the Court will grant the appellant's motion for panel reconsideration, withdraw its June 16, 2008, opinion, and issue this opinion in its stead. In this new opinion, the Court holds that the EAJA application is timely and grants the EAJA application.

## I. BACKGROUND

The Court must satisfy itself that the EAJA application was timely filed. The question presented is when did this Court's judgment become final so as to commence the 30-day period within which to file an EAJA application? On October 23, 2006, this Court affirmed, in part, and reversed, in part, a December 17, 2003, Board of Veterans' Appeals (Board) decision. *See Kiddey v. Nicholson*, No. 04-452, 2006 WL 300131 (Vet. App. Oct. 23, 2006). On November 16, 2006, this Court entered judgment. Thereafter, the appellant appealed this Court's decision to the Federal Circuit, which granted, in a March 5, 2007, order, the appellant's motion to voluntarily dismiss his appeal. *Kiddey v. Nicholson*, 219 Fed. App'x. 984 (Fed. Cir. 2007). The Federal Circuit's docket in this case (No. 07-7101) reflects that the appellant's motion to voluntarily dismiss his appeal was unopposed by the Secretary. The dismissal order was also issued as the Federal Circuit's mandate on March 5, 2007. *See* FED. CIR. R. 41 ("An order dismissing a case on consent . . . will constitute the mandate."); *see also* FED. R. APP. P. 41(c) ("The mandate is effective when issued."). On March 21, 2007, this Court entered mandate on its docket.

The appellant, through counsel, submitted his EAJA application on April 12, 2007, more than 30 days after the March 5, 2007, Federal Circuit order that dismissed the case, but prior to the expiration of the 90-day period for filing a petition for certiorari to the U.S. Supreme Court, i.e., June 3, 2007. The appellant argues that the plain language of 38 U.S.C. § 7291(a)(1) supports his position that the expiration of the time for filing a petition for certiorari at the Supreme Court is dispositive of the issue and that this Court's judgment, therefore, became final on June 3, 2007. Reply at 3-7 (citing 38 U.S.C. § 7291(a)(1) (providing that when a decision of this Court is appealed to and affirmed or dismissed by the Federal Circuit, this Court's decision becomes final "upon the expiration of the time allowed for filing a petition for certiorari with the Supreme Court of the United States")). He argues that his EAJA application was filed not late, but prematurely, because the time for filing his EAJA application did not run until 30 days after June 3, 2007. Reply at 4-5. Although the Secretary initially argued that this Court's judgment became final upon the entry of the

Federal Circuit's order on March 5, 2007, the Secretary, in response to the motion for reconsideration, concedes that this Court's judgment became final on June 3, 2007, because "appeal rights do attach to a voluntary dismissal of an appeal unless expressly disclaimed or specifically prohibited." Secretary's Response at 2 (citing *Impresa*, 531 F.3d at 1372).

## II. ANALYSIS

### A. Timeliness of EAJA Application

The EAJA's 30-day filing period is a statutory requirement. *See* 28 U.S.C. § 2412(d)(1)(B).[1] The act requires that applications thereunder be submitted to the Court "within thirty days of final judgment in the action[.]" 28 U.S.C. § 2412(d)(1)(B). The act defines "final judgment" as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). Pursuant to Rule 39 of the Court's Rules of Practice and Procedure, an application for attorney fees and expenses must be filed with the Clerk of Court "not later than 30 days after the Court's judgment becomes final pursuant to 38 U.S.C. § 7291(a) (which occurs 60 days after entry of judgment under Rule 36) or, consistent with Rule 41(b), upon the issuance of an order on consent dismissing, terminating, or remanding a case." U.S. VET. APP. R. 39(a). Our Court's Rule 41(b) is not applicable here because we did not issue the order on consent. Section 7291(a) contains provisions relating to the date when a Court decision becomes final, and the appellant specifically relies on section 7291(a)(1) in support of his position that his application was timely filed. Section 7291(a)(1) provides, in pertinent part:

> (a) A decision of [this Court] shall become final upon the expiration of the time allowed for filing, under section 7292 of this title, a notice of appeal from such decision, if no such notice is duly filed within such time. If such a notice is filed within such time, such a decision shall become final–
>     (1) upon the expiration of the time allowed for filing a petition for certiorari with the Supreme Court of the United States, if the decision of the Court of Appeals for Veterans Claims is affirmed or *the appeal is dismissed by the [Federal Circuit] and no petition for certiorari is duly filed*[.]

38 U.S.C. § 7291(a)(1) (emphasis added).

---

[1] The U.S. Supreme Court has held that the EAJA "provision's 30-day deadline for fee applications and its application-content specifications are not properly [termed] 'jurisdictional'" but relate "only to postjudgment proceedings auxiliary to cases already within the court's adjudicatory authority." *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

The appellant argues that because his appeal had been dismissed by the Federal Circuit, this Court's judgment did not become final under section 7291(a)(1) "until VA's time for appeal [to the Supreme Court] ran." Reply at 7, 9-10. He contends that the Secretary retained the right to apply for certiorari "at any time up until the deadline for such an application." *Id.* at 8.

The Federal Circuit in *Impresa* addressed the question of the finality of judgment for EAJA purposes where the Federal Circuit issued an order granting a motion to withdraw an appeal on consent and issued mandate on the same day. *Impresa*, 531 F.3d at 1368-69. The Federal Circuit held that the 90-day period for filing a petition for a writ of certiorari to the Supreme Court must be counted in calculating when the Federal Circuit judgment became "final and not appealable" under 28 U.S.C. § 2412(d)(2)(G) and that a judgment entered upon a voluntary dismissal of an appeal from the Court of Federal Claims does not become "final" until expiration of the time for filing a certiorari petition. *Id.* at 1371. The Federal Circuit stated:

> Precedent weighs against creating a special category for voluntary dismissals in cases originating in the Court of Federal Claims, whereby it would be necessary to determine whether a petition for certiorari can be filed or might be granted, in order to calculate the period for filing an application under the EAJA. Taking cognizance of rulings of the Court and the regional circuits, we conclude that a clear rule better serves the interests of litigants and the courts, rather than encouraging, as here, satellite litigation on 'functional' premises, adding cost and delay while not yet reaching the merits. We adopt a uniform rule for EAJA petitions in the Court of Federal Claims, whereby appeal rights from voluntary dismissals are presumed unless expressly disclaimed or specifically prohibited.

*Id*. at 1371-72. Applying this rule, the Federal Circuit concluded that Impresa's period for filing the EAJA application started on expiration of the period for filing a petition for certiorari from the final judgment of the Federal Circuit. *Id.* at 1372. The Federal Circuit reversed the decision of the Court of Federal Claims that the EAJA application was untimely and remanded for a determination of the merits of the EAJA application. *Id.*

Although the Federal Circuit's discussion was focused on EAJA applications filed in the Court of Federal Claims, we see no reason why the Federal Circuit's interpretation of the definition of a judgment that is "final and not appealable" for EAJA purposes, 28 U.S.C. § 2412(d)(2)(G), should not also extend to this Court, which decides EAJA applications pursuant to the same statutory provisions. We therefore adopt the "clear rule" and uniform approach for EAJA applications in this Court that where a notice of appeal to the Federal Circuit is filed and the Federal Circuit issues a

dismissal order, appeal rights from those voluntary dismissals "are presumed unless disclaimed or specifically prohibited." *Impresa*, 531 F.3d at 1372; *but see Pelea v. Nicholson*, 20 Vet.App. 93, 94 n.1 (2006) (per curiam order) (relying on Federal Circuit Rule 41 and 38 U.S.C. § 7291(a)(1) to conclude that, by operation of law, the judgment of the U.S. Court of Appeals for Veterans Claims (USCAVC) became final on December 1, 2005, the date on which the Federal Circuit issued an order dismissing the appeal on consent of parties, which order was also issued as the Federal Circuit's mandate, and the USCAVC directed its Clerk of the Court to enter mandate on the docket as of December 1, 2005), *aff'd*, 497 F.3d 1290 (Fed. Cir. 2007); *see also Bowers v. Brown*, 8 Vet.App. 25, 27 (1995) (holding that USCAVC order granting consensual motion for remand pursuant to U.S. VET. APP. R. 41(b) was "final and not appealable," pursuant to 28 U.S.C. § 2412(d)(2)(G), and dismissing EAJA application where application was untimely filed).[2] With the adoption of that ruling to EAJA applications in this Court, the parties to any litigation before the Federal Circuit are not precluded from including in any motion for a voluntary dismissal a specific provision expressly prohibiting appeal rights from the voluntary dismissal.

The Court holds that because there were no conditions that prevented a party from filing a certiorari petition to the Supreme Court as to the March 5, 2007, order of dismissal,[3] this Court's judgment became "final and not appealable," under 28 U.S.C. § 2412(d)(2)(G), upon the expiration of the period for filing a petition for certiorari from the judgment of the Federal Circuit, and the appellant's period for filing his EAJA application started on expiration of the period for filing a

---

[2] The Court notes that the "dismissal" language in 38 U.S.C. § 7291(a)(1) does not specify whether the dismissal contemplated by the statute is a voluntary dismissal or an involuntary dismissal. The plain language of the statute is, therefore, not limited to involuntary dismissals. The Federal Circuit's interpretation of the term "final and not appealable" in the EAJA statue, 28 U.S.C. § 2412(d)(2)(G), is, therefore, not inconsistent with the language defining "final" in section 7291(a)(1).

[3] The March 5, 2007, Federal Circuit dismissal order granted the appellant's motion to voluntarily dismiss the appeal and directed that "[a]ll sides shall bear their own costs." This allocation of costs was in accordance with Federal Circuit Rule 42. Federal Circuit Rule 42, "Voluntary Dismissal," provides, in pertinent part: "An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the Court." The practice note accompanying the rule provides in pertinent part:

> **Request to Withdraw Appeal or Petition.** An appellant or petitioner may request to withdraw an appeal or petition at any time before decision, and the request will be granted in all but the most unusual circumstances. An opposing party is ordinarily expected to consent to the withdrawal on terms requiring each party to bear its own costs on appeal.

certiorari petition. Accordingly, the time for filing an EAJA application started on June 4, 2007 (June 3 was a Sunday).

The appellant's EAJA application was submitted outside the application period. Because judgment became final on June 4, 2007, the EAJA application should have been submitted between June 4, 2007, and July 5, 2007. Because it was submitted on April 12, 2007, the application was premature. If a premature EAJA application is not returned to an appellant, it will be treated as if it had been later filed within the application period. *See Molden v. Peake*, 22 Vet.App. 177, 181 (2008) (citing *March v. Brown*, 7 Vet.App. 163, 166 (1994)). The Court "has established a procedure under which an EAJA application received after the underlying decision is issued and before the . . . appeal period has run will be marked by the Clerk of the Court as 'received' by the Court on the date it is received, and will be so docketed; then, on the first day of the 30-day EAJA-application period, the Clerk will stamp the application filed as of that date and will so docket it." *March*, 7 Vet.App. at 166. Because the question of when this Court's judgment becomes final where there was a voluntary dismissal of an appeal at the Federal Circuit had not been decided until presented in this case, when the Court received the appellant's EAJA application in April 2007, the procedure explained in *March* was not followed. The Court will now deem the EAJA application in this case, received on April 12, 2007, and not returned to the appellant, as having been timely filed on June 4, 2007. Although this Court's docket reflects the entry of mandate on March 21, 2007, the issuance of mandate is merely a ministerial act reflecting that the Court's judgment has become final. *See Pelea*, *supra*; *see also Strouth v. Brown*, 8 Vet.App. 502, 504 (1996) (per curiam order) ("The issuance of mandate is a ministerial function which is irrelevant to the timeliness of the EAJA application in this case."). The Court will direct the Clerk to enter mandate nunc pro tunc June 4, 2007, and to file the EAJA application nunc pro tunc June 4, 2007.

## B. EAJA Award

The appellant's EAJA application seeks $8,407.26 in attorney fees for 55.3 hours of work at an hourly rate of $152.03, and $137.13 in costs and expenses, for a total of fees and expenses of $8,544.39. As discussed above, Mr. Kiddey's EAJA application was timely filed. The application is content compliant. *See* 28 U.S.C. § 2412(d)(1)(A), (1)(B), (2)(B); *Scarborough v. Principi*, 541 U.S. 401, 407-08 (2004); *Cullens v. Gober*, 14 Vet.App. 234, 237 (2001) (en banc) (EAJA application must be filed within 30 days of a final judgment and contain (1) a showing that the

6

appellant is a prevailing party, (2) a showing that the appellant is a party eligible for an award because his net worth does not exceed $2,000,000, (3) an allegation that the Secretary's position was not substantially justified, and (4) an itemized statement of the attorney fees and expenses sought). The Secretary does not contest that an award of fees is appropriate in this case and has not disputed the reasonableness of the amount sought.

This Court has jurisdiction to award reasonable attorney fees and expenses pursuant to 28 U.S.C. § 2412(d)(2)(F). Although "the Court has wide discretion in the award of attorney fees under the EAJA," it is "incumbent upon the Court to permit an award only of reasonable fees." *Chesser v. West*, 11 Vet.App. 497, 501 (1998). The appellant has the burden of demonstrating that the fees requested are reasonable. *See Scarborough v. Nicholson*, 19 Vet.App. 253, 261 (2005); *Baldridge v. Nicholson*, 19 Vet.App. 227, 233 (2005). In determining reasonableness, the Court considers many factors, including whether the hours claimed are unreasonable on their face, the difficulty of the issue presented, the skill required to perform the legal service, the results obtained, and whether the fee sought is persuasively opposed by the Secretary. *See Scarborough v. Nicholson*, *supra*; *McCormick v. Principi*, 16 Vet.App. 407, 413 (2002); *see also Hensley v. Eckerhart*, 462 U.S. 424, 430 n.3 (1983). In this case, the appellant's attorney has submitted an itemized fee statement detailing the hours spent on his case. The expenses claimed in the appellant's EAJA application are reasonable, as are the hours and hourly rates claimed for attorney services. *See Baldridge*, *supra*; *Sandoval v. Brown*, 9 Vet.App. 177, 181 (1996) (using the U.S. Attorney's Office's "Laffey Matrix" as an indicator of prevailing market rate and holding that once a party establishes a prevailing market rate, the opposing party has the burden of producing evidence to show that market rate is erroneous). Therefore, the Court will grant the application in full.

### III. CONCLUSION

Based on the foregoing analysis and a review of the parties' pleadings, the Clerk is directed to enter mandate nunc pro tunc June 4, 2007, and to file the appellant's EAJA application nunc pro tunc June 4, 2007. Mr. Kiddey's EAJA application is GRANTED in the amount of $8,544.39.