KASOLD, Judge,
concurring in the result:
I write separately to note that Mrs. Padgett did not appeal the Court’s decision *314 denying her substitution in the underlying merits appeal, and that decision therefore became final. See Jackson v. Shinseki, 23 Vet.App. 27, 31 (2009) (mandate of the Court is “evidence that a judgment has become final” (quoting U.S. Vet.App. R. 41)); Kiddey v. Shinseki 22 Vet.App. 367, 370 (2009) (applications for EAJA fees must be submitted to the Court “within thirty days of final judgment in the action” (quoting 28 U.S.C. § 2412(d)(1)(B))); see also Padgett v. Peake, 22 Vet.App. 159, 168-69 (2008) (Kasold, J., concurring in the result) (expressing the view that Mrs. Pad-gett had a legitimate interest in sustaining the en banc opinion such that the matter was not moot and therefore she should have been substituted for her deceased husband). Moreover, because Mrs. Pad-gett was granted substitution as the personal representative of her husband’s estate only, the fees and expenses incurred in her own representative capacity after Mr. Padgett’s death cannot now be considered a proper part of this EAJA application. Accordingly, I concur in the determination that Mrs. Padgett is not entitled to an EAJA award for the time and expenses incurred after her husband’s death. See Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (“ ‘Hours that are not properly billed to one’s client are not properly billed to one’s adversary pursuant to statutory authority.’ ” (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C.Cir.1980) (en banc))).